447 So.2d 1380 (1984)
STATE of Florida, Appellant,
v.
Claude ROSS, Appellee.
No. 83-512.
District Court of Appeal of Florida, Fourth District.
February 22, 1984.
Rehearing and Certification of Importance Denied April 25, 1984.
*1381 Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellee.
Rehearing En Banc and Certification of Importance Denied April 25, 1984.
HURLEY, Judge.
This appeal concerns the trial court's sentencing authority. Specifically, the question is whether the court may place a defendant on probation and require participation in a drug rehabilitation program pursuant to section 397.12, Florida Statutes (1981), rather than impose a mandatory minimum sentence of incarceration pursuant to section 775.087(2)(a), Florida Statutes (1981). We hold that the mandatory minimum sentencing statute controls and, in this instance, operates to divest the trial court of its discretionary authority to withhold imposition of sentence and place the defendant on probation.
Claude Ross was found guilty of two counts of robbery with a firearm. Additionally, he pled guilty to one count of attempted robbery with a firearm and, thereafter, was adjudicated guilty of all three charges. Despite the express finding that the defendant utilized a firearm during the commission of each offense, the trial court declined to impose mandatory incarceration. Instead, over the state's objection, the court withheld imposition of sentence and placed the defendant on probation for each of the offenses. For the first robbery conviction, the court attached a special condition of probation which required the defendant to participate in a three-year in-patient drug and alcohol rehabilitation program. The second robbery conviction resulted in a fifteen year probationary period which is to run consecutive to the three-year in-patient program. The attempted robbery conviction also resulted in a fifteen year probationary term which is to run consecutive to the three-year in-patient program and concurrent with the other fifteen year term of probation. The state appeals and asserts that all three sentences are illegal.
The trial court relied upon section 397.12, Florida Statutes (1981), which provides that
When any person, including any juvenile, has been charged with or convicted of a violation of any provision of chapter *1382 893, or of a violation of any law committed under the influence of a controlled substance, the court, Department of Health and Rehabilitative Services, Department of Corrections, or Parole and Probation Commission, whichever has jurisdiction over that person may, in its discretion require the person charged or convicted to participate in a drug rehabilitation program licensed by the department under the provisions of this chapter. If referred by the court, said referral may be in lieu of, or in addition to, final adjudication, imposition of any penalty or sentence, or any other similar action. If the accused so desires final adjudication, his constitutional right to trial shall not be denied. The court may consult with or seek the assistance of any agency, public or private, or any person concerning such a referral. Assignment to a drug program may be contingent upon budgetary considerations and availability of space.
On the other hand, section 775.087(2)(a), Florida Statutes (1981), provides that
(2) Any person who is convicted of:
(a) Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes; ...
... and who had in his possession a "firearm," as defined in s. 790.001(6), or "destructive device," as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.27 or s. 944.29, prior to serving such minimum sentence.
The question is which statute controls. The answer turns on a determination of the Legislature's intent for it is axiomatic that "once expressed, the legislative will must prevail. The extent and severity of punishment `are peculiarily questions of legislative policy.'" Borges v. State, 394 So.2d 1046, 1049 (Fla. 4th DCA 1981) (Hurley, J., concurring and quoting Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405 (1958)). Notwithstanding that the purpose of section 397.12 is to provide an alternative to criminal imprisonment for individuals who commit drug related offenses or other offenses while under the influence of narcotics and who are capable of rehabilitation, we hold that an individual convicted of committing a crime with a firearm  even though under the influence of narcotics  must be sentenced as provided in section 775.087(2)(a). We reach this conclusion for several reasons.
First, section 775.087(2)(a) is the later promulgated statute. It took effect substantially as currently written on May 14, 1975 (Chapter 75-7, Senate bill no. 55). Section 397.12 first appeared in similar form in 1973 and took effect on July 1, 1973 (Chapter 73-350, House bill no. 1358). Thus, assuming  but without deciding  that the statutes conflict, section 775.087(2)(a) should prevail as the last expression of legislative will. Askew v. Schuster, 331 So.2d 297 (Fla. 1976); Johnson v. State, 157 Fla. 685, 27 So.2d 276 (1946), cert. denied, 329 U.S. 799, 67 S.Ct. 491, 91 L.Ed. 683 (1947). The Legislature, in passing the later statute, is presumed to know the earlier law. And, unless an explicit exception is made for an earlier statute, the later statute controls.
In addition, we note that section 775.087(2)(a) is unambiguous: "any person" convicted of robbery, among other crimes, and who possesses a firearm "shall be sentenced to a minimum term of imprisonment of 3 calendar years." (Emphasis supplied.) The statute's mandate is clear. Moreover, well-settled rules of construction require that a statute's terms be construed *1383 according to their plain meaning. Carson v. Miller, 370 So.2d 10 (Fla. 1979); Reino v. State, 352 So.2d 853 (Fla. 1977); State v. Egan, 287 So.2d 1 (Fla. 1973).
Finally, it is significant that there exists no express indication that the Legislature intended section 397.12 to serve as an exception to section 775.087(2)(a)'s mandatory term of imprisonment. The one major exception which now exists pursuant to section 958.05, Florida Statutes (1981), for youthful offenders, is not analogous. First, section 958.05 became effective after the enactment of section 775.087(2)(a). Second, section 958.05 mandates certain treatment for youthful offenders whereas section 397.12's "[r]eference to drug abuse program" is discretionary. Third, section 958.05 itself provides for mandatory one year sentences for particularly serious crimes or dangerous offenders. Brown v. State, 436 So.2d 243 (Fla. 4th DCA 1983); Cochran v. State, 410 So.2d 595 (Fla. 2d DCA 1982); Patterson v. State, 408 So.2d 785 (Fla. 2d DCA 1982); Whitlock v. State, 404 So.2d 795 (Fla. 3d DCA 1981).
Thus, we hold that section 397.12, Florida Statutes (1981), is not an exception to the mandatory requirements of section 775.087(2)(a), Florida Statutes (1981). Further, we hold that the terms of probation imposed below constitute illegal sentences which must be vacated. Accordingly, we direct the trial court to vacate the terms of probation imposed for each of the two robbery counts and, in place thereof, to resentence the defendant in accord with the principles set forth in this opinion. As for the probationary term imposed as a result of the plea of guilty and subsequent conviction for attempted robbery, we direct the court to permit the defendant to withdraw his plea inasmuch as the court cannot impose the sentence which led to the entry of the bargained plea. See Brod v. State, 437 So.2d 152 (Fla. 1983); State v. Green, 421 So.2d 508 (Fla. 1982).
LETTS and GLICKSTEIN, JJ., concur.