456 So.2d 575 (1984)
STATE of Florida, Appellant,
v.
Charles EDWARDS, Appellee.
No. 83-2415.
District Court of Appeal of Florida, Second District.
September 28, 1984.
*576 Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellee.
HOBSON, Judge.
The state appeals an order placing Charles Edwards in a drug rehabilitation program pursuant to section 397.12, Florida Statutes (1981), for conspiracy to traffic in heroin and trafficking in heroin. We reverse and remand.
The state filed a four-count information charging Edwards with conspiracy to traffic in heroin, in violation of sections 777.04, 893.135(1)(c)1 and 777.011, Florida Statutes (1981); trafficking in heroin, in violation of sections 893.135(1)(c)1 and 777.011; delivery of heroin, in violation of section 893.13(1)(a)1; and possession of heroin, in violation of section 893.13(1)(e).
At a hearing, Edwards' attorney advised the trial court that Edwards wished to tender pleas of nolo contendere as to the four counts with the understanding that he would be adjudicated guilty on all counts, placed on concurrent terms of probation for five years on the delivery and possession *577 counts, and, with respect to the conspiracy to traffic and trafficking counts, placed in the Drug Abuse Comprehensive Coordinating Office, Inc. (DACCO) program for five years under section 397.12, in lieu of being sentenced under chapters 893 and 777. The assistant state attorney objected regarding Edwards' counsel's proposal concerning placing Edwards in the DACCO program pursuant to section 397.12 on the conspiracy to traffic and trafficking counts.
Section 397.12, Florida Statutes (1981), provides in full:

Reference to Drug Abuse Program.  When any person, including any juvenile, has been charged with or convicted of a violation of any provision of chapter 893, or of a violation of any law committed under the influence of a controlled substance, the court, Department of Health and Rehabilitative Services, Department of Corrections, or Parole and Probation Commission, whichever has jurisdiction over that person, may in its discretion require the person charged or convicted to participate in a drug rehabilitation program licensed by the department under the provisions of this chapter. If referred by the court, said referral may be in lieu of, or in addition to, final adjudication, imposition of any penalty or sentence, or any other similar action. If the accused so desires final adjudication, his constitutional right to trial shall not be denied. The court may consult with or seek the assistance of any agency, public or private, or any person concerning such a referral. Assignment to a drug program may be contingent upon budgetary considerations and availability of space.
After Edwards entered pleas of nolo contendere at the hearing as to the four counts, the trial court determined that the pleas were knowingly, intelligently and voluntarily made, and that a factual basis existed for them. Then, over the assistant state attorney's previous objection, the court acted in accordance with the arrangement outlined above.
The only question on appeal is whether the trial court erred by placing Edwards in the DACCO program under section 397.12 for conspiracy to traffic in heroin and trafficking in heroin. Construing section 397.12 in light of both the purpose of chapter 397 and the restrictive language of sections 397.011(2) and 893.15, we hold that the court did so err.
Sections 397.10 and 397.011 show that the provisions of chapter 397, Florida Statutes (1981), of which section 397.12 is an integral part, are directed solely at drug users (i.e., drug abusers[1] and drug dependents[2]), not drug traffickers. To demonstrate, section 397.10 reveals the exact intent of section 397.12:

Legislative Intent.  It is the intent of the Legislature to provide a meaningful alternative to criminal imprisonment for individuals capable of rehabilitation as useful citizens through techniques and programs not generally available in state or federal prison systems or programs operated by the Department of Health and Rehabilitative Services. It is the further intent of the Legislature to encourage trial judges to use their discretion to refer persons charged with, or convicted of, violation of laws relating to drug abuse or violation of any law committed under the influence of a narcotic drug or medicine to a state-licensed drug *578 rehabilitation program in lieu of, or in addition to, imposition of criminal penalties.
The overall objective and intent of chapter 397 are set forth in the chapter's opening statute, section 397.011:

Purpose and Intent of Chapter; Disposition of Convicted Offenders. 
(1) It is the purpose of this chapter to encourage the fullest possible exploration of ways by which the true facts concerning drug abuse and dependence may be made known generally and to provide a comprehensive program of human renewal for drug dependents in rehabilitation centers and aftercare programs. This program is designed to assist in the rehabilitation of persons dependent on the drugs controlled by chapter 893. It is further designed to protect society against the social contagion of drug abuse and to meet the need of drug dependents for medical, psychological, and vocational rehabilitation, while at the same time safeguarding their individual liberties.
(2) It is the intent of the Legislature to provide an alternative to criminal imprisonment for individuals capable of rehabilitation as useful citizens through techniques not generally available in state or local prison systems. For a violation of any provision of chapter 893, Florida Comprehensive Drug Abuse Prevention and Control Act, relating to possession of any substances regulated thereby, the trial judge may, in his discretion, require the defendant to participate in a drug rehabilitation program approved or regulated by the Department of Health and Rehabilitative Services pursuant to the provisions of this chapter, provided the director of such program approves the placement of the defendant in such program. Such required participation may be imposed in addition to or in lieu of any penalty or probation otherwise prescribed by law, provided the total time of such penalty, probation, and program participation shall not exceed the maximum length of sentence possible for the offense.
(Emphasis added.)
Inasmuch as sections 397.10 and 397.011 demonstrate that chapter 397 is aimed only at drug users, as opposed to drug traffickers, it is not surprising that, as the above emphasized portion of subsection (2) of section 397.011 provides, the legislature intended that, when violations of chapter 893 occur, a trial court may exercise its discretion under chapter 397 for only those violations of chapter 893 which relate to possession.
The foregoing emphasized wording of section 397.011(2) is entirely consistent with section 893.15, Florida Statutes (1981), which states in full:

Rehabilitation.  Any person who violates s. 893.13(1)(e) or (1)(f) relating to possession may, in the discretion of the trial judge, be required to participate in a drug rehabilitation program approved or regulated by the Department of Health and Rehabilitative Services pursuant to the provisions of chapter 397, provided the director of such program approves the placement of the defendant in such program. Such required participation may be imposed in addition to, or in lieu of, any penalty or probation otherwise prescribed by law. However, the total time of such penalty, probation, and program participation shall not exceed the maximum length of sentence possible for the offense.
(Emphasis added.)
Reading the above emphasized language of section 893.15 in pari materia with the foregoing stressed portion of section 397.011(2), and applying the principle of expressio unius est exclusio alterius (the expression of one thing is the exclusion of another) to section 893.15, it is abundantly clear that, when violations of section 893 transpire, a trial court's authority to exercise its discretion under section 397.12 is not just generally limited to violations of chapter 893 relating to possession, but is specifically limited to violations of *579 section 893.13(1)(e) or (1)(f) relating to possession.
Thus, the court below lacked the power to exercise its discretion pursuant to section 397.12 regarding the charges of conspiracy to traffic in heroin and trafficking in heroin. It is not the objective and intent of chapter 397 that one who is accused of committing such offenses, which concern drug trafficking, not drug abuse, be treated under section 397.12. Moreover, these offenses cannot be treated under section 397.12 because they involve violations of sections 893.13(1)(a)1 and 893.135(1)(c)1, not section 893.13(1)(e) or (1)(f) relating to possession.[3]
Accordingly, we reverse the trial court's order referring Edwards under the plea agreement to the DACCO program pursuant to section 397.12 for conspiracy to traffic in heroin and trafficking in heroin. However, because we are setting aside an arrangement entered under a plea agreement, we remand with directions that Edwards be allowed to withdraw his pleas of nolo contendere as to all counts.
REVERSED and REMANDED.
RYDER, C.J., concurs.
GRIMES, J., concurs specially.
GRIMES, Judge, concurring specially.
Appellant's convictions of conspiracy to traffic in heroin and trafficking in heroin are controlled by section 893.135(1)(c)1, Florida Statutes (1981), which requires a minimum mandatory sentence of three years and a fine of $50,000. This is in conflict with section 397.12 (1981), which authorizes a person convicted of violating any provision of chapter 893 to be placed in the DACCO program in lieu of sentencing. Section 893.135 is the later enacted statute which reflects a legislative intent to strengthen the penalties for large scale drug trafficking.[1] As explained in Judge Hobson's opinion, section 397.12 seems to be directed at drug users rather than drug traffickers. Therefore, I am convinced that drug traffickers convicted under section 893.135 may not be referred to the DACCO program in lieu of receiving a minimum mandatory sentence. Our sister court in State v. Ross, 447 So.2d 1380 (Fla. 4th DCA 1984), reached the same conclusion with respect to the minimum mandatory sentences required by section 775.087(2)(a), Florida Statutes (1981).
NOTES
[1] Section 397.021(5), Fla. Stat. (1981), defines a "drug abuser" as follows:

(5) "Drug abuser" means a person is so habitually dependent on the use of controlled substances as to have lost the power of selfcontrol with respect to their use, and
(a) Who is dangerous to himself or others as a result of such abuse, or
(b) Whose judgment has been so impaired as a result of such abuse that he cannot rationally appreciate his need for care.
[2] Section 397.021(2), Fla. Stat. (1981), defines a "drug dependent" as follows:

"Drug dependent" means a person who is dependent upon, or by reason of repeated use is in imminent danger of becoming dependent upon, any substance controlled under chapter 893.
[3] The parties may recognize that the rationale in support of our holding is different than that perhaps contemplated. This is so, however, because in reaching our decision we needed go no further than rely upon sections 397.011 and 893.15, two statutes which neither party cited below or on appeal.
[1] Both statutes were slightly amended in 1983, but the changes did not indicate a shifting of legislative intent.