RYDER, Chief Judge.
Roberto I. Raphael, pursuant to a negotiated plea agreement, pleaded guilty to trafficking in cocaine, conspiracy to traffic in cocaine and one count of delivery of cocaine. The trial judge placed Raphael on probation on all charges and required Raphael to submit to a drug rehabilitation program.
The state objected and appeals, arguing that the court below lacked power to exercise its discretion pursuant to section 397.-12, Florida Statutes (1983), regarding the charges of trafficking and conspiracy to traffic in cocaine. We agree and reverse.
Although the type of narcotics differed, the statutes and facts were the same in our recent opinion in State v. Edwards, 456 So.2d 575 (Fla. 2d DCA 1984). There, we held that a court’s authority to exercise its discretion under section 397.12 is limited to only those violations of chapter 893 which relate to possession, specifically section 893.13(1)(e) or (l)(f). Id. at 578-79.
Because the court sentenced appellee pursuant to a plea agreement and as we set aside the sentences, we remand with directions to allow Raphael an opportunity to withdraw his plea of guilty to all counts.
Reversed, judgments and sentences set aside and remanded with instructions for further proceedings.
DANAHY and LEHAN, JJ., concur.