Mr. Everett Jones General Counsel Florida Sheriffs Association Post Office Box 1487 Tallahassee, Florida 32302
Dear Mr. Jones:
This is in response to your request for an opinion on substantially the following questions:
 1. MAY A SHERIFF DISPOSE OF ABANDONED OR DISCARDED WEAPONS THAT ARE NOT NEEDED OR WHICH ARE USELESS OR UNFIT FOR USE BY THE MEANS PROVIDED FOR IN THE FLORIDA CONTRABAND FORFEITURE ACT, INCLUDING SELLING THE WEAPONS AT PUBLIC AUCTION AND DEPOSITING THE PROCEEDS INTO THE SPECIAL LAW ENFORCEMENT TRUST FUND AUTHORIZED BY s. 932.704(3)(a), F.S.?
 2. IF AN ABANDONED OR DISCARDED WEAPON IS FORFEITED TO THE STATE PURSUANT TO s. 790.08(5), F.S., AND THE SHERIFF ELECTS TO RETAIN SUCH WEAPON FOR DEPARTMENTAL USE, IS SUBSEQUENT DISPOSAL OF THE WEAPON GOVERNED BY CH. 274, F.S.?
QUESTION ONE
Pursuant to Ch. 790, F.S., which regulates weapons and firearms, every officer who makes a lawful arrest under s. 790.07, or under any other law or municipal ordinance within this state, is authorized to take possession of any weapons, electric weapons or devices, or arms (hereafter collectively termed weapons) found upon the person arrested. The officer is to deliver the weapons to the sheriff of the county or the chief of police of the municipality wherein the arrest was made, who shall retain the weapons until after the trial of the person arrested. Section790.08(1), F.S. Upon conviction of any offense involving the use or attempted use of such weapons, the offender must forfeit them to the state; they are to be delivered forthwith to the sheriff by the chief of police or other person having custody thereof, and the sheriff thereupon becomes the custodian of such weapons for the state. Section 790.08(2), F.S. If the individual arrested is acquitted or the charges against him are dismissed, the weapons which were previously taken are to be returned to him; however, if he fails to call for or receive the same within 60 days from and after his acquittal or the dismissal of the charges, the weapons are to be delivered to the sheriff to be held by him as set forth in the statute. Section 790.08(3), F.S. See also, s. 790.08(4), F.S., providing that all such weapons, electric weapons or devices, and arms coming into the hands of any of the peace officers of this state or any of its political subdivisions, which have been found abandoned or otherwise discarded, or left in their hands and not reclaimed by the owners shall, within 60 days, be delivered by such peace officers to the sheriff of the county aforesaid. Weapons coming into the hands of the sheriff pursuant to s. 790.08(3) or (4), which are not reclaimed by the owner within six months of their receipt by the sheriff become forfeited to the state. Section 790.08(5), F.S.
Subsection (6) of s. 790.08 provides:
 Weapons, electric weapons or devices, and arms coming into the hands of the sheriff as aforesaid shall be listed, kept, and held by him as custodian for the state. Any or all such weapons, electric weapons or devices, and arms suitable for use by the sheriff may be so used. All such weapons, electric weapons or devices, and arms not needed by the said sheriff may be loaned to any other department of the state or to any county or municipality having use for such weapons, electric weapons or devices, and arms. The sheriff shall take the receipt of such other department, county, or municipality for such weapons, electric weapons or devices, and arms loaned to them. All weapons, electric weapons or devices, and arms which are not needed or which are useless or unfit for use shall be destroyed or otherwise disposed of by the sheriff as provided in chapter 705 or as provided in the Florida Contraband Forfeiture Act. All sums received from the sale or other disposition of the said weapons, electric weapons or devices, or arms disposed of by the sheriff under chapter 705 as aforesaid shall be paid into the State Treasury for the benefit of the State School Fund and shall become a part thereof. All sums received from the sale or other disposition of any such weapons, electric weapons or devices, or arms disposed of by the sheriff under the Florida Contraband Forfeiture Act shall be disbursed as provided therein. (e.s.)
It is to be noted that s. 790.08 is not applicable to any municipality in any county having home rule under the State Constitution. Section 790.08(7), F.S. See, s. 6(e), Art. VIII, State Const. Compare, Ch. 705, F.S., as amended by Ch. 85-88, Laws of Florida, generally setting forth procedures for the disposition of seized, abandoned, wrecked or derelict property. And see, AGO 76-133 stating that abandoned personal property should be disposed of by a sheriff pursuant to s. 705.01(1) or s. 705.16, F.S., depending on the value or condition of the property; however, special provision has been made for the disposition of weapons taken into the possession of law enforcement officers in s. 790.08
and the detailed procedures set forth therein should thus be followed with respect to weapons either taken from a person upon arrest or found abandoned.
Statutory language may be so plain as to fix the legislative intent, leaving no room for interpretation or construction. Reino v. State, 352 So.2d 853 (Fla. 1977) (where language of statute is clear and unequivocal, legislative intent may be gleaned from words used without applying incidental rules of construction). Where the language of a statute is plain and unambiguous, the statute must be given its obvious meaning. State v. Ross,447 So.2d 1380 (4 D.C.A. Fla., 1984), pet. for rev. den.,456 So.2d 1182 (Fla. 1984); Citizens of State v. Public Service Commission,425 So.2d 534 (Fla. 1982); Carson v. Miller, 370 So.2d 10
(Fla. 1979). It would therefore appear that s. 790.08(6), F.S., governs the use or disposal of abandoned and discarded weapons coming into the custody of the sheriff pursuant to subsection (4) of s. 790.08. See, AGO 76-133, discussed supra, noting that s.790.08 does not appear to contemplate the application of its procedures to weapons which have been lost, as opposed to having been abandoned or taken from a person upon arrest.
Accordingly, upon forfeiture of the abandoned and discarded weapons to the state, the sheriff, under s. 790.08(6), F.S., may: 1) utilize such weapons in his office; 2) loan the weapons to any other department of the state, or to any county or municipality; or 3) upon determining that the weapons are not needed, are useless, or unfit for use, destroy the weapons, disposee of the weapons pursuant to Ch. 705, F.S., as amended, or dispose of the weapons pursuant to the Florida Contraband Forfeiture Act, ss.932.701-932.704, F.S., as amended by Chs. 85-304 and 85-316, Laws of Florida. Moreover, s. 790.08(6), specifically provides that all sums received from the sale or other disposition of weapons by a sheriff under the Florida Contraband Forfeiture Act "shall be disbursed as provided therein." See, AGO 75-112, wherein this office concluded that under s. 790.08(6), F.S. 1975, a sheriff was not authorized to trade or exchange firearms that had been forfeited to the state for other firearms or equipment which could be used by the sheriff's department. And see, AGO 76-133 stating that personal property taken into the sheriff's possession may be retained for use by the sheriff's department only pursuant to specific statutory authority and procedure. Cf., AGO 82-97 (concluding that the State Attorney is not authorized to trade confiscated aircraft pursuant to the Florida Contraband Forfeiture Act but must dispose of such confiscated property pursuant to s.932.704, F.S.).
The Florida Contraband Forfeiture Act, ss. 932.701-932.704, F.S., as amended by Chs. 85-304 and 85-316, Laws of Florida, provides the authority and procedures for the seizure and forfeiture of contraband articles or property which have been used or are used in violation of s. 932.702, F.S. See, AGO's 83-75, 83-30, 83-2, 82-97, 81-100, and 81-99. Section 932.704(3) sets forth the legislative direction for the disposition of forfeited property. Subsection (3)(a), as amended, provides in pertinent part:
 Whenever the head of the law enforcement agency effecting the forfeiture deems it necessary or expedient to sell the property forfeited rather than to retain it for the use of the law enforcement agency, . . . he shall cause a notice of the sale to be made by publication as provided by law and thereafter shall dispose of the property at public auction to the highest bidder for cash without appraisal. In lieu of the sale of the property, the head of the law enforcement agency, whenever he deems it necessary or expedient, may salvage the property or transfer the property to any public or nonprofit organization. . . . The proceeds of sale shall be applied: first, to payment of the balance due on any lien preserved by the court in the forfeiture proceedings; second, to payment of the cost incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of such property; third, to payment of court costs incurred in the forfeiture proceeding. The remaining proceeds shall be deposited in a special law enforcement trust fund established by the board of county commissioners or the governing body of the municipality and such proceeds and interest earned therefrom shall be used for law enforcement purposes only.
See, AGO's 84-69 (the purchase and installation or maintenance of traffic control signal devices are not law enforcement purposes within the purview of s. 932.704[3][a], F.S.), m 83-30 (special law enforcement trust fund is not to be considered as revenue to meet the normal operating needs of the sheriff's office) and 81-99 (s.932.704[3][a] vests the board of county commissioners with the exclusive authority to determine for which law enforcement purposes funds from a special law enforcement trust fund are to be appropriated to the sheriff's office). Cf., AGO 83-9.
Therefore, I am of the opinion that a sheriff may dispose of abandoned or discarded weapons which are not needed or which are useless or unfit for use by the means provided for in the Florida Contraband Forfeiture Act, including selling the weapons at public auction and after payment of the costs and expenses prescribed in s. 932.704, may deposit the proceeds into the special law enforcement trust fund authorized by s. 932.704(3)(a), F.S.
QUESTION TWO
Your question is answered in the affirmative.
As discussed above, subsection (6) of s. 790.08, F.S., permits the sheriff to utilize abandoned or discarded weapons which have been forfeited to the state pursuant to subsection (5). Your inquiry pertains to the proper procedure for disposal of such weapons following the sheriff's determination to retain such weapons for his departmental use.
In AGO's 81-99 and 83-75, this office concluded that "once the sheriff obtains title to the forfeited property pursuant to s.932.704(4), F.S., such property becomes subject to the provisions of ch. 274, F.S. [concerning tangible personal property owned by local governments], and the custody, control and disposition of that property is governed by ch. 274." Following the decision of the head of the law enforcement agency to retain forfeited property, the terms of the Contraband Forfeiture Act are exhausted, "and no provision of that act or other law operates to reactivate the distribution formula contained in subsection (3)(a) of s. 932.704, F.S. (1982 Supp.), upon subsequent sale of the property." Attorney General Opinion 83-75.
As you have noted, "[t]he similarities between Section 790.08 and the Contraband Forfeiture Act are substantial. Each involves instances in which property is forfeited to the state, each allows a sheriff to retain forfeited property, and each provides alternatives when retention of the forfeited property is not desired." Under either statute's procedures, once a sheriff decides to retain an abandoned or discarded weapon forfeited to the state, such weapon becomes tangible personal property owned by the sheriff's office; the provisions of s. 790.08 would appear to have been exhausted and no provision therein or elsewhere would appear to reactivate the distribution formula contained in s.790.08(6). Thus, once the sheriff has obtained title to the property, the custody, control and disposition of that property would appear to be governed by Ch. 274, F.S. See, s. 274.01, F.S., which defines "[g]overnmental unit" to mean "the governing board, commission or authority of a county or taxing district of the state or the sheriff of the county."
In light of the foregoing, it is my opinion that if an abandoned or discarded weapon in the hands of a sheriff pursuant to s.790.08(4), F.S., is forfeited to the state pursuant to s.790.08(5), F.S., the sheriff may dispose of such weapon by the means provided in s. 932.704, F.S., as amended. If the sheriff elects to retain the weapon for departmental use, the subsequent disposal of such weapon would be governed by the provisions of Ch.274, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General