582 So.2d 77 (1991)
STATE of Florida, Appellant,
v.
Henry LANE, Appellee.
No. 90-2569.
District Court of Appeal of Florida, Fourth District.
June 19, 1991.
Rehearing Denied July 25, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state appeals an order of probation rendered by the trial court. We reverse and remand. See State v. Baxter, 581 So.2d 937 (Fla. 4th DCA 1991).
Appellee was charged by information with violating section 893.13(1)(e), Florida Statutes (1989), for the alleged purchase of cocaine rocks within one thousand feet of a middle school. After a plea of nolo contendere to the charge, he was found to be drug dependent pursuant to section 397.021(6), Florida Statutes (1989), and was committed to HRS for treatment pursuant to section 397.12, Florida Statutes (1989), over the state's objection. Section 893.13(1)(e), Florida Statutes (1989), requires a mandatory minimum sentence of three calendar years for violating the statute. It provides in part:
(e) Except as authorized by this chapter, it is unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with the intent to sell, purchase, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school.
(Emphasis added).
In State v. Ross, 447 So.2d 1380 (Fla. 4th DCA), rev. denied, 456 So.2d 1182 (Fla. 1984), this court reversed the trial court's sentence pursuant to section 397.12, Florida Statutes (1981), because the defendant had violated section 775.087(2)(a), Florida Statutes (1981), which violation required a mandatory minimum sentence. The court said that the mandatory minimum sentence statute  enacted later than section 397.12  controlled and operated to divest the trial court of its discretionary authority to withhold imposition of sentence and place the defendant on probation.
*78 As in Ross, the statute under which sentence was to be imposed in the instant case is the later promulgated statute. The current section 893.13(1)(e) took effect on June 27, 1989 (Ch. 89-524, § 3, Laws of Fla.). Section 397.12 first appeared in similar form in 1973 and took effect on July 1, 1973. The court said in Ross that under the rules of statutory construction the legislature is presumed to know the earlier law when it passes the later. Id. at 1382. Further, section 397.011, Florida Statutes (1989), provides in part:
For a violation of any provision of chapter 893, Florida Comprehensive Drug Abuse Prevention and Control Act, relating to possession of any substance regulated thereby, the trial judge may, in his discretion, require the defendant to participate in a drug treatment program licensed by the Department of Health and Rehabilitative Services pursuant to the provisions of this chapter, provided the director of such program approves the placement of the defendant in such program.
(Emphasis added). The defendant was charged with purchase, not simple possession. Accordingly, we hold it was not the legislature's intent to have section 397.12 be an exception to the mandatory minimum sentencing requirement of section 893.13(1)(e) in all respects or it would have so stated.
This case is subtler than State v. Edwards, 456 So.2d 575 (Fla. 2d DCA 1984), and State v. Raphael, 469 So.2d 812 (Fla. 2d DCA 1985), rev. denied, 484 So.2d 9 (Fla. 1986). Moreover, the defendant here purchased two rocks for $20, which could reasonably be interpreted to have been purchased for personal use only. Nevertheless, section 893.13(1)(e), makes no distinction in the quantity purchased within 1,000 feet of a school.
DOWNEY, GLICKSTEIN and GARRETT, JJ., concur.