587 So.2d 1147 (1991)
STATE of Florida, Appellant,
v.
Todd Russell BAUMGARDNER, Appellee.
No. 90-3337.
District Court of Appeal of Florida, Fourth District.
July 3, 1991.
Rehearing Denied September 4, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Jacqueline Saltiel, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
We reverse on the authority of State v. Baxter, 581 So.2d 937 (Fla. 4th DCA 1991). In Baxter, we held that a trial judge cannot rely upon section 397.12, Florida Statutes, to downward depart from a mandatory minimum sentence even with valid reasons for departure. Therefore, upon remand the trial judge shall sentence appellee to the mandatory minimum sentence.
REVERSED AND REMANDED WITH DIRECTIONS FOR RESENTENCING.
DOWNEY, GUNTHER and POLEN, JJ., concur.

ON REHEARING
Appellee's motion for rehearing is denied.
DOWNEY and GUNTHER, JJ., concur.
POLEN, J., concurs in part and dissents in part with opinion.
POLEN, Judge, concurring in part and dissenting in part.
I concur with the majority's determination to deny appellee's motion for rehearing. The main thrust of appellee's motion is that he was not represented by appellate counsel during the state's appeal of the trial court's downward departure sentence. Indeed, he was not  no appellee's brief was filed, and it appears that the public defender's office was not appointed until after our July 3, 1991, opinion issued. It appears that appellee was represented at the trial level by privately retained counsel. After obtaining a favorable sentence, appellee was advised that the state had appealed. He was further advised that his trial counsel "had not been retained to represent *1148 him on appeal." (Could this be an application of the old defense lawyers' cynical saw: "A client is innocent until proven broke"?)
In any event, appellee's trial counsel had scheduled a meeting with appellee, presumably to discuss their withdrawal and appellee's need to obtain new counsel or seek appointment of a public defender. Appellee responded by leaving the state. (Assuming appellee's departure was without the knowledge and consent of his probation officer, this would have been a violation of provisions h.1 and h.2 of appellee's order of probation entered November 20, 1990. We are not aware that he was charged with such a violation, however, and this has no bearing on our disposition.)
While a criminal defendant has an absolute right to appellate counsel, this right can be waived. Waiver of right to counsel can be by act as well as by word. Although the motion for rehearing alleges that appellee never was advised of the state's appeal, this is belied by the appendix, wherein appellee's trial counsel avers to the contrary. Appellee's decision to leave the state without taking steps to secure counsel to represent him on appeal is as clear a waiver of that right as one who knowingly, intelligently and voluntarily waives the right in open court by word of mouth.
Where I disagree with my colleagues is not in our obligation to follow State v. Baxter, 581 So.2d 937 (Fla. 4th DCA 1991), and subsequent cases which adhere to Baxter. Rather, I would certify the question to the supreme court, as we did in the recent case of State v. Scates, 585 So.2d 385 (Fla. 4th DCA 1991).
MAY A TRIAL COURT PROPERLY DEPART FROM THE MINIMUM MANDATORY PROVISIONS OF SECTION 893.13(1)(e), FLORIDA STATUTES 1989), UNDER THE AUTHORITY OF THE DRUG REHABILITATION PROVISION OF SECTION 397.12, FLORIDA STATUTES (1989)?