581 So.2d 937 (1991)
STATE of Florida, Appellant,
v.
Joseph BAXTER, Appellee.
No. 90-3175.
District Court of Appeal of Florida, Fourth District.
June 12, 1991.
On Motion to Vacate Opinion July 16, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellant.
No appearance for appellee.
PER CURIAM.
The state appeals appellee's sentence to probation. He plead guilty to purchasing cocaine within 1,000 feet of a school which called for a three year mandatory minimum sentence. § 893.13(1)(3)1, Fla. Stat. (1989). His recommended guidelines sentence was five and one half to seven years in jail. The trial judge relied on section 397.12 of the Florida Statutes and appellee's drug *938 and alcohol addiction as the reasons for the downward departure. We reverse and remand with directions to the trial judge to sentence appellee to the mandatory minimum sentence.
A defendant's drug and alcohol addiction can be valid reasons for a downward departure under the sentencing guidelines. Barbera v. State, 505 So.2d 413 (Fla. 1987). However, a mandatory sentence takes precedence over a guideline sentence. Fla.R.Crim.P. 3.701 d.9. Therefore, a trial judge cannot downward depart from a mandatory sentence even with valid reasons for departure.
Further, section 397.12 only relates to defendants who have been convicted of possessing illegal drugs. State v. Edwards, 456 So.2d 575 (Fla. 2d DCA 1984); see also State v. Ross, 447 So.2d 1380 (Fla. 4th DCA), review denied, 456 So.2d 1182 (Fla. 1984) (section 397.12 not exception to mandatory minimum sentence for firearms violations). Thus, the trial judge had no authority to sentence appellant under that section.
REVERSED AND REMANDED WITH DIRECTIONS FOR RESENTENCING.
LETTS, GUNTHER and GARRETT, JJ., concur.

ON MOTION TO VACATE DECISION
ORDERED that appellee's June 21, 1991 motion to vacate decision and appoint counsel for appellee, an indigent is hereby denied without prejudice to appellee to seek postconviction relief in the trial court.