585 So.2d 385 (1991)
STATE of Florida, Appellant,
v.
Carrick A. SCATES, Appellee.
No. 90-3174.
District Court of Appeal of Florida, Fourth District.
August 21, 1991.
*386 Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn Wynn, Asst. Atty. Gen., West Palm Beach, for appellant.
Norliza Batts, Law Offices of Norliza Batts, P.A., Fort Lauderdale, for appellee.
POLEN, Judge.
This appeal presents a factual scenario identical to those presented in State v. Lane, 582 So.2d 77 (Fla. 4th DCA 1991), and State v. Baxter, 582 So.2d 625 (Fla. 4th DCA 1991). On the authority of both Lane and Baxter, we reverse appellee's sentence and remand to the trial court with directions that appellee be sentenced to the minimum mandatory sentence. We also certify a question of great public importance.
Appellee pled guilty to purchasing cocaine within 1,000 feet of a school, in violation of section 893.13(1)(e), Florida Statutes (1989). Although the statute provides for a three-year minimum mandatory sentence, the trial court relied on section 397.12, Florida Statutes (1989), and State v. Herrin, 568 So.2d 920 (Fla. 1990), to depart downward from appellee's sentencing guidelines score of three and one-half to four and one-half years, sentencing appellee to two years probation. Among the various reasons given for its downward departure, the court found that appellee had purchased one "rock" of cocaine intended for his personal use; the purchase of this rock took place while appellee was under the influence of alcohol; appellee suffered from substance abuse addictions; and appellee was both amenable to and capable of meaningful rehabilitation back into society.
This court has previously held that section 397.12 does not provide an exception to the minimum mandatory sentencing requirement of section 893.13(1)(e). Lane, 582 So.2d at 78. See also State v. Ross, 447 So.2d 1380 (Fla. 4th DCA), rev. denied, 456 So.2d 1182 (1984). Further, we recognize that Herrin concerned the 1987 version of section 893.13(1)(e), before the 1989 amendment which added the three year minimum mandatory clause to that section. However, we note Judge Anstead's special concurrence in State v. Liataud, 587 So.2d 1155 (Fla. 4th DCA 1991), and we are not unsympathetic to the premise that, but for this court's opinions in Lane, Baxter, and now Liataud, there would be sound reasoning to support the trial judge's actions concerning this appellee. Accordingly, we now certify to the Florida Supreme Court the following question:
MAY A TRIAL COURT PROPERLY DEPART FROM THE MINIMUM MANDATORY PROVISIONS OF SECTION 893.13(1)(e), FLORIDA STATUTES 1989), UNDER THE AUTHORITY OF THE DRUG REHABILITATION PROVISION OF SECTION 397.12, FLORIDA STATUTES (1989)?
REVERSED and REMANDED and QUESTION CERTIFIED.
DELL and GUNTHER, JJ., concur.