587 So.2d 1155 (1991)
STATE of Florida, Appellant,
v.
Jean Max LIATAUD, Appellee.
No. 90-3221.
District Court of Appeal of Florida, Fourth District.
July 17, 1991.
On Denial of Rehearing August 28, 1991.
*1156 Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
Reversed and remanded for further proceedings in accord with this court's opinion in State v. Baxter, 581 So.2d 937 (Fla. 4th DCA, 1991).
HERSEY and WARNER, JJ., concur.
ANSTEAD, J., specially concurring.
ANSTEAD, Judge, specially concurring.
At issue is whether the sentencing provisions of section 893.13(1)(e), Florida Statutes (1989), should apply or whether the provisions of section 397.12 authorized the trial court to place appellee in a treatment program instead of prison. Except for the precedent of Baxter, I would affirm and approve the trial court's well-reasoned order.
Although it can be argued that this is another case of the left hand of the legislature not knowing what the right hand is doing, I believe the clear expression of section 397.12, Florida Statutes (1989) controls and grants the trial court the authority to act as it did:
When any person, including any juvenile, has been charged with or convicted of a violation of any provision of chapter 893, or of a violation of any law committed under the influence of a controlled substance, the court, Department of Health and Rehabilitative Services, Department of Corrections, or Parole Commission, whichever has jurisdiction over that person, may in its discretion require the person charged or convicted to participate in a drug treatment program licensed by the department under the provisions of this chapter. If referred by the court, the referral may be in lieu of or in addition to final adjudication, imposition of any penalty or sentence, or any other similar action. If the accused desires final adjudication, his constitutional right to trial shall not be denied. The court may consult with or seek the assistance of any agency, public or private, or any person concerning such a referral. Assignment to a drug program may be contingent upon budgetary considerations and availability of space.
(Emphasis supplied).
Consistent with these provisions, the trial court's order provides:
THIS CAUSE having come before this Court on Defendant's Motion to Depart Downward From Presumptive Guideline Sentence and to Avoid the Minimum Mandatory Sentence and Sentence Defendant Alternatively pursuant to F.S. 397.12, and the Court having heard testimony on the matter, reviewed the file, heard arguments of counsel, reviewed the law, and being otherwise duly advised in the premises, it is,
ORDERED that said motion is hereby GRANTED. The reasons for granting such relief are as follows:
(1) The record shows Defendant is a thirty-six (36) [year old] black male, with no prior arrest record, who purchased two (2) "rocks" of crack cocaine for personal use on April 12, 1990. This cocaine was purchased from Detention Aide Raymond Hicks, who is not a certified police officer. However, Mr. Hicks was posing as a street level drug dealer who purposely positioned himself within 1,000 feet of Dillard High School. Further, the Court notes that said Detention Aide was selling crack cocaine, which was manufactured from cocaine in the Broward Sheriff's Office Crime Laboratory. The location of this reverse sting has been the site of numerous reverse stings ever since the 1,000 foot school-yard statute, F.S. 893.12(1)(e), came into effect in 1987.
(2) Evidence shows that Defendant did suffer from substance abuse addictions, and was under the influence of alcohol at the time of his arrest. The Court finds Defendant did not have full control over his faculties and was impaired to the extent his judgment was severely compromised. See Barbera v. State, 505 So.2d 413 *1157 (Fla. 1987), and State v. Herrin, 555 So.2d 1288 (Fla. 2d DCA 1990). (3) The evidence shows that Defendant is not a threat to society, but, in fact, desires treatment and rehabilitation for this addiction. See State v. Sachs, 526 So.2d 48 (Fla. 1988).
(4) The record reflects that the Defendant has lived in Dade and Broward Co. for the past 6 years and is not familiar with Fort Lauderdale, Florida, and was in such an intoxicated state that he did not fully realize that he was near a school. Indeed, the arrest occurred at 7:10 p.m., after school hours. There was no evidence Defendant knew he was within 1,000 feet of a school, nor is there any evidence of school activities taking place, or any school children in the area. The Court feels that the particular circumstances of this case ameliorate the level of Defendant's guilt and indicate less moral culpability. See State v. Regan, 15 FLW 1928 [1938] [564 So.2d 1208] (Fla. 2d DCA 1990).
(5) The court further finds it is the policy of this State "to provide meaningful alternatives to criminal imprisonment for individuals capable of rehabilitation as useful citizens through techniques and programs" not available in the prison systems. F.S. 397.10 (West 1989). The legislature encourages trial judges to use their discretion in sentencing persons charged with a violation of Chapter 893, where there is evidence that the person charged is a drug abuser and is capable and desires rehabilitation. See State v. Edwards, 456 So.2d 575 (Fla. 2d DCA 1984) and F.S. 397.12 (Wests 1989). The evidence is (sic) this case indicates that the Defendant purchased two (2) "rocks" of cocaine which was for personal use and not intended for resale or distribution. It has also been shown that Defendant is amenable and capable of meaningful rehabilitation back to society.
(6) This Court feels strongly that F.S. 397.12, provides a meaningful alternative to prison in this particular case. Defendant is a first offender who scores three and one-half (3 1/2) to four and one-half (4 1/2) years under the guidelines with a minimum period of incarceration of three (3) calendar years with no gain time. Oddly enough, it is a legal reality that Defendant would actually serve three (3) years behind prison bars while traffickers in cocaine do less time on a three (3) year minimum mandatory case (approximately ten months).
(7) This Court's decision to depart will give the Defendant an opportunity to become a meaningful and productive member of society  drug free. F.S. 397.12 (West's 1989). In addition, the Court finds that the Defendant has no prior arrest history and has two (2) children, ages 18 months and four (4) months.
IT IS, THEREFORE, ORDERED that Defendant be referred to a licensed Department of Health and Rehabilitative Services drug treatment program pursuant to Florida Statutes Section 397.12 (Wests 1989). The Defendant shall be placed on probation to supervise his compliance with his treatment plan.

ON REHEARING
PER CURIAM.
Rehearing is denied.
HERSEY and WARNER, JJ., concur.
ANSTEAD, J., concurring specially.
ANSTEAD, Judge, specially concurring.
I agree with appellee that we should certify this issue to the Supreme Court as one of great public importance. Because I also believe a number of appellee's contentions on rehearing are correct and also helpful in a resolution of the case, I set them out here:
In reversing Appellee's sentence, this Court must have misconstrued the legislative will expressed in Chapter 953 and Section 397.12, Fla. Stat. (1989), which expressly provide alternatives to incarceration for substance abusers like Appellee. By its holding, this Court appears to have limited the circumstances in which a sentencer can exercise discretion under Chapter 953 and Section 397.12 *1158 to those cases where merely possessory offense are involved, based on one phrase contained in subsection (2) of Section 397.011(2), Fla. Stat., see, State v. Lane, 16 F.L.W. 1631 [582 So.2d 77] (Fla. 4th DCA 1991:
For a violation of any provision of Chapter 893, Florida Comprehensive Drug Abuse Prevention and Control Act, relating to possession of any substance regulated thereby, the trial judge may, in his discretion, require the defendant to participate in a drug treatment program licensed by the Department of Health and Rehabilitative Services pursuant to the provisions of this chapter...
(Emphasis added.)
However, this phrase must be considered in the context of the entire subsection (2), which defines the legislature's intent and has no limiting language at all:
(2) It is the intent of the Legislature to provide an alternative to criminal imprisonment for individuals capable of rehabilitation as useful citizens through techniques not generally available in state of local prison systems... . Such required participation may be imposed in addition to or in lieu of any penalty or probation otherwise prescribed by law... .
Likewise, subsection of of (sic) the same statute places no limitation on persons dependent on drugs controlled by chapter 893, as is Appellee:
(1) It is the purpose of the chapter to encourage the fullest possible exploration of ways by which the true facts concerning drug abuse and dependence may be made known generally and to provide a comprehensive and individualized program for drug dependents in treatment and aftercare programs. This program is designed to assist in the rehabilitation of persons dependent on the drugs controlled by chapter 893, as well as other substances with the potential for abuse except those covered by chapter 396. It is further designed to protect society against the social problem of drug abuse and to meet the need of drug dependents for medical psychological and vocational rehabilitation, while at the same time safeguarding their individual liberties.
Furthermore, by focussing on only one portion of the preamble of Chapter 397, this Court must have overlooked the fact that Appellee was sentenced pursuant to specific provisions, Sections 397.10 and 397.12, which do not circumscribe their application merely to possessory offenses. Thus:
397.10 Legislative intent  It is the intent of the Legislature to provide a meaningful alternative to criminal imprisonment for individuals capable of rehabilitation as useful citizens through techniques and programs not generally available in state or federal prison systems or programs operated by the Department of Health and Rehabilitative Services. It is further the intent of the Legislature to encourage trial judges to use their discretion to refer persons charged with, or convicted of, vuiolation (sic) of laws relating to drug abuse or violation of any law committed under the influence of a narcotic drug or medicine to a state-licensed drug rehabilitation program in lieu of, or in addition to, imposition of criminal penalties.
307.12 (sic 397.12) Reference to drug abuse program  When any person, including any juvenile, has been charged with or convicted of a violation of any provision of Chapter 893 or of a violation of any law committed under the influence of a controlled substance, the court may ... in its discretion, require the person charged or convicted to participate in a drug treatment program... .
(Emphasis added.)
Consequently, this Court's limitation of the sentencer's discretion to merely possessory offenses overlooks two principles of statutory construction. First,
a specific statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subsections in general terms... .

*1159 Adams v. Culver, 111 So.2d 665, 667 (Fla. 1959), and cases cited therein. Second, where a criminal statute is susceptible of different interpretations, it must be construed in favor of the accused. E.g., Lambert v. State, 545 So.2d 838 (Fla. 1989). Application of these principles to the present case would result in affirmance of the trial court's disposition.
3. Furthermore, this Court's decision in the present case fails to consider the legal effect of the omission from the mandatory minimum prison terms defined in Section 893.13(1)(e), Fla. Stat. (1989), of the prohibition, found in Sections 893.135 [drug trafficking], 784.08(3) [crimes committed against the elderly], 775.087 [crimes committed with firearm], and 775.0823 [violent crimes against law enforcement officer], Fla. Stat. (1989), that the mandatory minimum sentence "shall not be suspended, deferred or withheld." In contrast with each of these statutes, Section 893.13(1)(e) is conspicuous by the fact that these words precluding the trial judge from staying, suspending, or withholding the mandatory sentence are absent.
The restrictive language contained in the other mandatory minimum statutes cannot be implied against the instant statute which does not utilize it. As stated in St. George Island Ltd. v. Rudd, 547 So.2d 958, 961 (Fla. 1st DCA 1989):
Where the legislature uses exact words in different statutory provisions, the court may assume they were intended to mean the same thing... . Moreover, the presence of a term in one portion of a statute and its absence from another argues against reading it as implied by the section from which it is omitted.
Since it must be presumed that the legislative inclusion of the proscription against suspending, deferring or withholding sentence has meaning where it is added to a penal statute, the exclusion of that sentence from a similar penal stature likewise must have meaning, namely, that such suspension, deferral, or withholding of the sentence is not precluded. Thus, the trial judge sentencing a defendant for a drug transaction committing within 1000 feet of a school is still empowered to suspend, defer, or withhold the mandatory sentence which must otherwise be imposed.
In the present case, the judgment specifically provides that, "The Court hereby stays and withholds the imposition of sentence as to count(s) 1 and places the Defendant on probation for a period of 5 years under the supervision of the Department of Corrections... ." (R 34, emphasis added). The trial court therefore exercised the discretion permitted to it by Section 893.13(1)(3), withheld the mandatory minimum sentence, and directed that Appellee serve a term of probation, as a special condition of which he is to complete a drug rehabilitation program, as well as comply with other mandates intended to insure his rehabilitation (r 36). Since this procedure is not prohibited by Section 893.13(1)(e), the trial court committed no error in utilizing it, and its disposition of the instant case should be affirmed.