■ ANSTEAD, Judge,
concurring specially.
I agree that we are bound to reverse under the authority of our previous decisions. However, I still have doubts about the mandatory application of the sentencing provisions of section 893.13(l)(e), Florida Statutes (1989).
At issue here is whether the discretionary provisions of section 397.12, Florida Statutes (1989), may be utilized to avoid the mandatory provisions of section 893.-13(l)(e). Section 397.12 encourages the use of rehabilitation and treatment in appropriate drug dependent cases. While I have previously relied on the express language of section 397.12 to support this view, I also note that we have held that youthful offender cases are excepted from the mandatory provisions of section 893.13(l)(e). In Jones v. State, 588 So.2d 73 (Fla. 4th DCA 1991), we reversed the trial court for imposing a mandatory sentence under section 893.13(l)(e) upon a youthful offender convicted of selling cocaine within 100 feet of a school. In contrast, here we are requiring the trial court to impose a mandatory sentence on a person who admitted ‘purchasing cocaine rocks from an undercover police officer, and whom the trial court found, in detailed findings of fact, to be a perfect candidate for rehabilitation.
STONE, Judge,
concurring specially.
I concur in the majority opinion but take this opportunity to add my disagreement *316 with Judge Anstead’s concurring opinion here and in State v. Liataud, 587 So.2d 1155 (Fla. 4th DCA 1991), and with any language in State v. Scates construable as indicating sympathy for that position.
The Florida Legislature has made a policy decision, upheld by our supreme court, that persons selling, delivering, or manufacturing illegal drugs or those possessing with the intent to do so, or purchasing such drugs, within 1,000 feet of a school, be subjected to a three-year mandatory minimum sentence. In considering whether section 397.12, Florida Statutes, allowing referral to a drug abuse program in lieu of other penalties, was intended to apply to defendants subject to a mandatory minimum sentence under section 893.13(l)(e)l, we must recognize that the same mandatory minimum applies to drug pushers as well as purchasers. Section 397.12 is not limited to addicted persons purchasing drugs for their own use from undercover officers. It is not even limited to those who are objectively good candidates for rehabilitation. I note that in each of the numerous appeals to this court on this subject we are dealing with persons convicted of a first degree felony and that the legislature has specified that they not be eligible for gain time or controlled release programs.