POLEN, Judge,
dissenting, with which GLICKSTEIN, Chief Judge, and ANSTEAD, Judge, concur.
I respectfully dissent.
I believe that the mandates should be stayed pending possible disposition by the Supreme Court of Florida on the question certified in State v. Scates, 585 So.2d 385 (Fla. 4th DCA 1991), or any of the other pending cases presenting this issue. The supreme court may decide that the mandatory minimum sentence provided in section 893.13(l)(e)(l), Florida Statutes (1989), does not apply if the defendant has been referred to a drug treatment program under section 397.12, Florida Statutes (1989).
It seems much less harsh to have some defendants’ sentences suspended until the decision comes down from the supreme court, compared to having the same defendants put in prison to serve time which may not be necessary to serve. At the same time, if drug rehabilitation is being undertaken by these defendants, pursuant to section 397.12 and the trial courts’ orders which we have reversed, the potential benefit to these defendants (as well as the people of Florida, who will suffer less financial impact and possibly a few less drug addicts) far outweighs the evil of having their mandatory prison terms delayed.
In light of the above reasoning I think that it would be more appropriate for us to wait for the high court to make it clear what the legislature intended in enacting the mandatory minimum in section 893.-13(l)(e)(l), and to spell out how that statute should be applied in circumstances where section 397.12 may be applicable. I dissent *687 and would grant the motion to stay mandate in this case and other similar ones.