591 So.2d 248 (1991)
STATE of Florida, Appellant,
v.
Salvatore VOLA, Appellee.
No. 91-0273.
District Court of Appeal of Florida, Fourth District.
August 28, 1991.
On Rehearing January 29, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The defendant was charged with, and convicted of, purchasing cocaine within 1,000 feet of a public school contrary to section 893.13(1)(e)1, Florida Statutes (1989). The trial judge departed downward and sentenced the defendant under section 397.12, Florida Statutes (1989), because he felt "strongly" that section 397.12 provided a "meaningful alternative to prison."
We reverse and remand for resentencing on the authority of State v. Lane, 582 So.2d 77 (Fla. 4th DCA 1991), State v. Baxter, 581 So.2d 937 (Fla. 4th DCA 1991) and State v. Ross, 447 So.2d 1380 (Fla. 4th DCA 1984), rev. denied, 456 So.2d 1182 (Fla. 1984).
At issue is the inconsistency, or at a minimum, the tension, between two Florida Statutes. Section 893.13(1)(e)1 mandates a three year term of imprisonment when cocaine is purchased within 1,000 feet of a school. By contrast, section 397.12 authorizes the trial court to place a defendant in a drug treatment program rather than prison.
*249 In deciding to reverse, we considered whether we should certify the following question to the supreme court:
Does section 893.13(1)(e)1 take precedence over section 397.12?
Section 893.13(1)(e)1, states in pertinent part:
Except as authorized by this chapter, it is unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with the intent to sell ... a controlled substance in, on, or within 1,000 feet of ... a public or private elementary, middle, or secondary school. Any person who violates this paragraph ... is guilty of a felony of the first degree, ... and shall be sentenced to a minimum term of imprisonment of 3 calendar years. ...
(Emphasis added.)
Section 397.12, Florida Statutes (1989), on the other hand, provides:
When any person, including any juvenile, has been charged with or convicted of a violation of any provision of chapter 893 ... the court ... may in its discretion require the person charged or convicted to participate in a drug treatment program.... If referred by the court, the referral may be in lieu of or in addition to final adjudication, imposition of any penalty or sentence, or any other similar action.

(Emphasis added.)
We have concluded the question should not be certified in light of this court's decision in State v. Ross and because it would appear to be implausible to suppose that the legislature intended all the mandatory provisions of Chapter 893, some albeit draconian, to be avoidable by the simple defense of drug addiction. Ross was convicted of robbery with a firearm, a violation of section 775.087(2)(a), Florida Statutes (1989), which carries a three year mandatory minimum. Ross committed the crime while under the influence of a controlled substance so section 397.12 was also triggered. Pursuant to section 397.12, the trial court sentenced Ross to probation and required him to participate in a drug rehabilitation program.
Although a different statute was involved, the question on appeal was, in essence, the same as in this case; that is, whether the three year mandatory minimum of section 775.087(2)(a) took precedence over section 397.12.
This court held that section 775.087(2)(a) was controlling, reasoning:
First, section 775.087(2)(a) is the later promulgated statute. It took effect substantially as currently written on May 14, 1975. (Chapter 75-7, Senate Bill No. 55). Section 397.12 first appeared in similar form in 1973 and took effect on July 1, 1973. (Chapter 73-350, House Bill No. 1358). Thus, assuming  but without deciding  that the statutes conflict, section 775.087(2)(a) should prevail as the last expression of legislative will. The Legislature, in passing the later statute, is presumed to know the earlier law. And, unless an explicit exception is made for an earlier statute, the later statute controls.
In addition, we note that section 775.087(2)(a) is unambiguous... .
* * * * * *
[W]ell-settled rules of construction require that a statute's terms be construed according to their plain meaning.
Finally, it is significant that there exists no express indication that the Legislature intended section 397.12 to serve as an exception to section 775.087(2)(a)'s mandatory term of imprisonment.
Ross, 447 So.2d at 1382-1383 (citations omitted).
Ross is indistinguishable from this case. Section 893.13(1)(e)1 was added in 1989, thus it too is the later promulgated statute. In addition, the language of section 893.13(1)(e)1 is plain and unambiguous. Finally, there is no express indication that the legislature intended section 397.12 to serve as an exception to section 893.13(1)(e)1.
Our decision sub judice also relies upon State v. Baxter, in support of its conclusion that the three year mandatory minimum should have been imposed. Baxter pled guilty to purchasing cocaine within 1,000 feet of a school, (a violation of section *250 893.13(1)(e)1), the same offense involved here. Rather than impose the three year mandatory minimum, the trial court sentenced him to probation. On appeal, this court reversed summarily reasoning that "section 397.12 only relates to defendants who have been convicted of possessing illegal drugs."
Thus, Baxter held that the three year mandatory minimum was required because the crime of purchasing cocaine did not fall within the purview of section 397.12, not because section 893.13(1)(e)1 took precedence over section 397.12.
Baxter reached that conclusion by relying upon State v. Edwards, 456 So.2d 575 (Fla. 2d DCA 1984). In Edwards, the Second District held that a defendant, convicted of trafficking in cocaine (a violation of section 893.135(1)(c)1 which carries a three year mandatory minimum), could not be sentenced to a drug treatment program pursuant to section 397.12 because the trial court's authority under that section is specifically limited to violations of section 893.13(1)(e) or (1)(f) relating to possession.
The Edwards court reached the same conclusion by relying upon several canons of statutory construction to ascertain the legislative intent behind chapters 397 and 893. It did not recognize any conflict between sections 397.12 and 893.135(1)(c)1. Instead, it used statutory construction to narrow the apparently broad reach of section 397.12.
However, in a special concurrence, then Judge Grimes noted that section 397.12 was in conflict with section 893.135(1)(c)1, and concluded that section 893.135(1)(c)1 controlled because it was the later enacted statute, thus reflecting a legislative intent to strengthen the penalties for large scale drug trafficking and because, as the majority had concluded, section 397.12 only applied to convictions under sections 893.13(1)(e) and (1)(f).
It is hard to ignore that the result we reach in this case seems unduly harsh. In its written reasons for downward departure, the trial court found that appellant had purchased only two rocks of crack cocaine for his personal use. Three years imprisonment for such is excessive. However, as this court noted in Ross, "[t]he extent and severity of punishment `are peculiarly questions of legislative policy.'" Ross, 447 So.2d at 1382 (citations omitted). But see Judge Anstead's special concurrence in State v. Liataud, 587 So.2d 1155 (Fla. 4th DCA 1991).
REVERSED AND REMANDED.
GLICKSTEIN, C.J., and LETTS, J., concur.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
Although I acknowledge that we are bound by precedent on this issue, I continue to believe we have resolved the issue incorrectly. See State v. Liataud, 587 So.2d 1155 (Fla. 4th DCA 1991). I would at least certify the question as one of great public importance, since the legislature's intent to see persons such as the appellee receive treatment is obviously being thwarted by our reversal of the trial judge's order.

OPINION ON REHEARING
PER CURIAM.
We deny the petition for rehearing and the motion to stay but certify as a question of great public importance the same question set out in this court's opinion in State v. Scates, 585 So.2d 385 (Fla. 4th DCA 1991).
GLICKSTEIN, C.J., and ANSTEAD, J., concur.
LETTS, J., dissents without opinion.