PER CURIAM.
Appellee was charged by information with purchasing cocaine within 1,000 feet of a school in violation of sections 893.-13(l)(e) and 893.03(2)(a)4, Florida Statutes (1989). She pled and moved the court to depart downward from the presumptive guidelines sentence, to avoid the three year minimum mandatory sentence, and to sentence her pursuant to section 397.12, Florida Statutes. The trial court withheld adjudication and placed her on probation for eighteen months. It entered a well-considered, four page order of departure in which it detailed reasons for sentencing her pursuant to section 397.12 and ordering her referred to a drug treatment program licensed through HRS. The state appealed the order as an illegal sentence.
We reverse. In State v. Baxter, 581 So.2d 937 (Fla. 4th DCA 1991), this court determined that a trial court cannot downward depart from a mandatory sentence even with valid reasons for departure. The court further noted that section 397.12, Florida Statutes (1989), relates only to defendants who have been convicted of possessing illegal drugs. See also State v. Lane, 582 So.2d 77 (Fla. 4th DCA 1991); State v. Baumgardner, 587 So.2d 1147 (Fla. 4th DCA 1991); State v. Liataud, 587 So.2d 1155 (Fla. 4th DCA 1991).
However, the court certified the following question to the supreme court in State v. Scates, 585 So.2d 385 (Fla. 4th DCA 1991):
MAY A TRIAL COURT PROPERLY DEPART FROM THE MINIMUM MANDATORY PROVISIONS OF SECTION 893.13(l)(e), FLORIDA STATUTES (1989), UNDER THE AUTHORITY OF THE DRUG REHABILITATION PROVISION OF SECTION 397.12, FLORIDA STATUTES (1989)?
We also certify the same question here.
GLICKSTEIN, C.J., and ANSTEAD and HERSEY, JJ., concur.