PER CURIAM.
We review State v. Branch, 613 So.2d 47 (Fla. 4th DCA 1991), in which the district court of appeal reversed a downward departure sentence on the authority of State v. Jenkins, 591 So.2d 261 (Fla. 4th DCA 1991). Because Jenkins was pending in this Court, we accepted jurisdiction of the instant ease under article V, section 3(b)(3) of the Florida Constitution. Jollie v. State, 405 So.2d 418 (Fla.1981).
In Scates v. State, 603 So.2d 504 (Fla.1992), this Court held that a trial judge may refer a defendant convicted under section 893.13(1)(e)(l), Florida Statutes (1989), to a drug abuse program pursuant to section 397.-12, Florida Statutes (1989), rather than impose a minimum three-year sentence. Thereafter, we vacated Jenkins on the authority of Scates. Jenkins v. State, 603 So.2d 509 (Fla.1992).
The instant ease is in the same posture as Scates and Jenkins. Therefore, we quash the decision below and remand with directions to reinstate Branch’s original sentence. We do not address the other point raised by Branch.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.