PER CURIAM.
We reverse the downward departure sentence imposed upon appellant after his conviction of violation of sections 893.13(1)(e) and 893.03(2)(a)4, Florida Statutes (1991). See State v. Baxter, 581 So.2d 937 (Fla. 4th DCA 1991), vacated on other grounds, Baxter v. Letts, 592 So.2d 1089 (Fla.1992). See also State v. Liataud, 587 So.2d 1155 (Fla. 4th DCA 1991), juris. accepted, No. 78,626, 593 So.2d 1052 (Fla. Feb. 12, 1991); State v. Baumgardner, 587 So.2d 1147 (Fla. 4th DCA 1991); State v. Scates, 585 So.2d 385 (Fla. 4th DCA 1991); State v. Lane, 582 So.2d 77 (Fla. 4th DCA 1991).
As we did in Scates, we certify the following question to the Supreme Court of Florida as one of great public importance:
MAY A TRIAL COURT PROPERLY DEPART FROM THE MINIMUM MANDATORY PROVISIONS OF SECTION 893.13(l)(e), FLORIDA STATUTES (1989), UNDER THE AUTHORITY OF THE DRUG REHABILITATION PROVISION OF SECTION 397.12, FLORIDA STATUTES (1989)?
Upon remand appellant shall be given the opportunity to withdraw his plea, entered in reliance on receiving the downward departure sentence.
REVERSED AND REMANDED.
HERSEY, GUNTHER and FARMER, JJ., concur.