592 So.2d 1089 (1992)
Joseph BAXTER, Petitioner,
v.
Gavin K. LETTS, Etc., et al., Respondents.
No. 78294.
Supreme Court of Florida.
February 6, 1992.
Richard L. Jorandby, Public Defender and Margaret Good, Asst. Public Defender, Chief, Appellate Div., West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for respondents.
PER CURIAM.
Petitioner, Joseph Baxter, seeks relief by either a writ of mandamus or habeas *1090 corpus. We treat the petition as a petition for habeas corpus and have jurisdiction pursuant to article V, section 3(b)(9), of the Florida Constitution. Baxter seeks relief from the Fourth District Court of Appeal's decision in State v. Baxter, 581 So.2d 937 (Fla. 4th DCA 1991), in which the district court reversed his downward-departure sentence in an appeal by the State. The district court's decision resulted in an increase of three years' incarceration for Baxter. Baxter seeks habeas corpus relief on the grounds that he was not represented in the State's appeal to the Fourth District, that he was indigent, that he was incarcerated, and that he was without actual notice of the State's appeal. The notice of appeal was sent to Baxter's trial counsel, who did not represent him in the appeal.
Baxter has a constitutional right to counsel in the State's appeal to the district court. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Hooks v. State, 253 So.2d 424 (Fla. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972); McDaniel v. State, 219 So.2d 421 (Fla. 1969). Accordingly, we vacate the district court's decision, and direct that the district court proceed anew with the State's appeal once Baxter is properly represented by counsel.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.