603 So.2d 504 (1992)
Carrick A. SCATES, Petitioner,
v.
STATE of Florida, Respondent.
No. 78533.
Supreme Court of Florida.
July 23, 1992.
Norliza Batts of the Law Offices of Norliza Batts, P.A., Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Asst. Atty. Gen., and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We review State v. Scates, 585 So.2d 385, 386 (Fla. 4th DCA 1991), in which the court certified the following question as being of great public importance:
MAY A TRIAL COURT PROPERLY DEPART FROM THE MINIMUM MANDATORY PROVISIONS OF SECTION 893.13(1)(e), FLORIDA STATUTES (1989), UNDER THE AUTHORITY OF *505 THE DRUG REHABILITATION PROVISIONS OF SECTION 397.12, FLORIDA STATUTES (1989)?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Scates pled guilty to purchasing one rock of cocaine from an undercover sheriff's deputy within 1000 feet of a school in violation of section 893.13(1)(e)(1), Florida Statutes (1989). The trial court found that Scates had purchased the cocaine for personal use, suffered from substance abuse addictions and was under the influence of alcohol at the time of his arrest. The court found that he was amenable to meaningful rehabilitation and that there was a reasonable possibility that drug treatment would be successful. The court placed Scates on two years' probation and ordered him to undergo drug rehabilitation pursuant to section 397.12, Florida Statutes (1989).[1] The Fourth District Court of Appeal reversed on the premise that section 893.13(1)(e)(1) required the imposition of a minimum mandatory sentence of three years. Accord State v. Lane, 582 So.2d 77 (Fla. 4th DCA 1991); State v. Baxter, 581 So.2d 937 (Fla. 4th DCA 1991), vacated on other grounds, Baxter v. Letts, 592 So.2d 1089 (Fla. 1992); State v. Liataud, 587 So.2d 1155 (Fla. 4th DCA 1991), review granted, 593 So.2d 1052 (Fla. 1992).
Section 893.13(1)(e)(1) provides that individuals convicted of manufacturing, selling, delivering, or purchasing cocaine within 1000 feet of a school "shall be sentenced to a minimum term of imprisonment of 3 calendar years." The statute is intended to create a drug-free zone around Florida's schools, State v. Burch, 545 So.2d 279, 281 (Fla. 4th DCA 1989), approved, 558 So.2d 1 (Fla. 1990).
On the other hand, in enacting chapter 397, the legislature intended "to provide a meaningful alternative to criminal imprisonment for individuals capable of rehabilitation ... through techniques and programs not generally available in state or federal prison systems" and "to encourage trial judges to use their discretion to refer persons charged with, or convicted of, violation of laws relating to drug abuse ... to a state-licensed drug rehabilitation program in lieu of, or in addition to, imposition of criminal penalties." § 397.10, Fla. Stat. (1989). Section 397.12 provides:
When any person, including any juvenile, has been charged with or convicted of a violation of any provision of chapter 893 or of a violation of any law committed under the influence of a controlled substance, the court ... may in its discretion require the person charged or convicted to participate in a drug treatment program licensed by the department [of Health and Rehabilitative Services]... . If referred by the court, the referral may be in lieu of or in addition to final adjudication, imposition of any penalty or sentence, or any other similar action.
We have the problem of reconciling the requirement of section 893.13(1)(e)(1) to impose a three-year sentence with the mandate of section 397.12 to find alternatives to prison for violations of chapter 893 where such alternatives would be more beneficial.
In construing these statutes, we begin with the principle that, where criminal statutes are susceptible to differing constructions, they must be construed in favor of the accused. See § 775.021, Fla. Stat. (1989); Lambert v. State, 545 So.2d 838, 841 (Fla. 1989). On its face, section 397.12 applies to chapter 893, and this application is not limited by any other provision of chapter 397. Also, while section 893.13(1)(e) does call for a minimum three-year sentence, when read in conjunction with the other sentencing provisions of chapter 893, it does not absolutely preclude trial judges from exercising their discretion to reduce the sentence.
Two other sections in chapter 893 contain mandatory minimum sentences. Sections 893.135 and 893.20, Florida Statutes (1989), provide that the minimum sentences contained therein shall "not be suspended, deferred, *506 or withheld." Also, sections 893.135 and 893.20 expressly refer to their sentences as "mandatory." There is no similar restriction in section 893.13(1)(e), and the word mandatory is not used. The omission of this language implies that the legislature intended a different construction, allowing trial judges greater discretion in sentencing decisions under section 893.13(1)(e).[2]
Scates was convicted of purchasing a small amount of cocaine for personal use. The State argues that section 397.12 cannot apply here because it only relates to possession. See § 397.011(2), Fla. Stat. (1989); § 893.15, Fla. Stat. (1989) (expressly providing that chapter 397 is an alternative to sentencing under sections 893.13(1)(f) and (1)(g) (applying to possession of drugs)). We disagree. Section 397.12 does not limit itself to possessory offenses under chapter 893. Section 397.10 manifests the intent to help drug addicts without incarcerating them. For purposes of section 397.12, we fail to see any difference between possessing cocaine for personal use and purchasing a small amount of cocaine for personal use.
The State also cites the rule that when construing two competing statutes, the later promulgated statute should prevail as the last expression of the legislature's intent. Thus, the minimum mandatory sentence in section 893.13(1)(e) should prevail because that statute was enacted after section 397.12. This rule, however, is not applicable here because we do not view these statutes as conflicting. In general, statutes relating to the same subject and having the same purpose should be construed consistently. Wakulla County v. Davis, 395 So.2d 540, 542 (Fla. 1981). The purpose of the statutes at bar is to combat drugs. Their punishment provisions are alternatives to be applied by trial judges according to the facts of each case. Section 397.12 was clearly intended to apply to defendants in Scates' position.
In the instant case, Scates was a first-time offender who purchased cocaine for personal use. He is not a dealer or manufacturer. The trial court expressly found that Scates was capable of and amenable to rehabilitation. Chapter 397 was promulgated to give individuals who have a problem with drugs an opportunity to become productive members of society. Scates is the type of defendant contemplated by the rehabilitation alternative of section 397.12. In this case, application of a mandatory minimum sentence would not further the legislative goal of providing alternatives to incarceration for drug addicts with a chance at meaningful rehabilitation.
Accordingly, we hold that trial judges may refer a defendant convicted under section 893.13(1)(e)(1) to a drug abuse program pursuant to section 397.12 rather than impose a minimum three-year sentence. We answer the certified question in the affirmative. We disapprove of State v. Lane, State v. Baxter, and State v. Liataud and quash the opinion below.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW and KOGAN, JJ., concur.
GRIMES, J., dissents with an opinion, in which McDONALD and HARDING, JJ., concur.
GRIMES, Justice, dissenting.
I am generally opposed to mandatory minimum sentences because they deprive trial judges of the discretion to deal more leniently in genuine hardship cases. This may be such a case. However, it is the legislature, rather than the courts, which has the authority to decide whether there shall be a mandatory minimum sentence. In this case, the legislature has spoken.
Section 397.12, Florida Statutes (1989), authorizing the referral of those convicted of a violation of chapter 893 to a drug treatment program, was enacted in 1973 at a time when mandatory minimum sentences *507 were unknown except in capital cases. Ch. 73-75, Laws of Fla. In 1987, the legislature first passed section 893.13(1)(e), specifically prohibiting the commission of drug crimes within 1000 feet of a school. Ch. 87-243, Laws of Fla. Two years later, section 893.13(1)(e) was amended to provide that violators, with respect to certain controlled substances (including cocaine) "shall be sentenced to a minimum term of imprisonment of 3 calendar years and shall not be eligible for parole or statutory gain-time under s. 944.275 prior to serving such minimum sentence." Ch. 89-524, § 1, Laws of Fla. While the statute could have used the word "mandatory" and could have provided that the sentence not be "suspended, deferred or withheld," can there be any doubt what the legislature intended?
The accepted rules of statutory construction all lead to the same conclusion. Section 397.12 and section 893.13(1)(e)(1) are in facial conflict. Therefore, the later statute, which is section 893.13(1)(e), should prevail as the last expression of legislative will. Askew v. Schuster, 331 So.2d 297, 300 (Fla. 1976); Johnson v. State, 157 Fla. 685, 697, 27 So.2d 276, 282 (1946), cert. denied, 329 U.S. 799, 67 S.Ct. 491, 91 L.Ed. 683 (1947). Furthermore, when two statutes are inconsistent or in conflict, a more specific statute covering a particular subject is controlling over a statutory provision covering the same subject in more general terms. Department of Health & Rehabilitative Servs. v. American Health-corp., 471 So.2d 1312, 1315 (Fla. 1st DCA 1985), adopted, 488 So.2d 824 (Fla. 1986). In such a case, the more narrowly drawn statute operates as an exception to or qualification of the general terms of the more comprehensive statute. Floyd v. Bentley, 496 So.2d 862, 864 (Fla. 2d DCA 1986), review denied, 504 So.2d 767 (Fla. 1987). Thus, the more narrowly drawn section 893.13(1)(e) controls over the more general provisions of section 397.12.
This conclusion is further supported by section 893.15, Florida Statutes (1989), which provides in language paralleling section 397.12 that "[a]ny person who violates s. 893.13(1)(f) or (1)(g) relating to possession may, in the discretion of the trial judge, be required to participate in a drug rehabilitation program." (Footnote omitted.) Why would this statute exist if it were not intended to specify which violators of chapter 893 would be eligible for referral to a drug treatment program? See State v. Edwards, 456 So.2d 575 (Fla. 2d DCA 1984) (when violations of section 893 transpire, the trial court's authority to exercise its discretion under section 397.12 is limited to violations of section 893.13 relating to possession). Because Scates bought cocaine within 1000 feet of a school, the statute requires that he be imprisoned for three years.
I respectfully dissent.
McDONALD and HARDING, JJ., concur.
NOTES
[1] The State does not argue that the court improperly departed from the three-and-a-half- to four-and-a-half-year sentence called for by the sentencing guidelines. See Herrin v. State, 568 So.2d 920 (Fla. 1990).
[2] State v. Ross, 447 So.2d 1380 (Fla. 4th DCA), review denied, 456 So.2d 1182 (1984), relied on by the court below in its opinion, is distinguishable on the same basis and also because that case did not involve a conviction under chapter 893.