PER CURIAM.
The State of Florida appeals the trial court’s downward departure from the sentencing guidelines in sentencing the defendant, Dan Parrish. We agree with the State’s position and reverse.
Originally, defendant plea bargained a manslaughter charge and was sentenced to 366 days imprisonment followed by ten years probation. The maximum guidelines sentence was seven to twelve years imprisonment. While on his second year of probation, defendant was charged by information with grand theft, resisting without violence, and burglary. After his arrest, an affidavit of violation of probation was filed and the trial court ordered a TASC drug evaluation, to test the defendant for substance abuse.
The sentencing hearing included both the case for the probation violation as well as the case involving the new substantive charges. Defendant pled guilty to the probation violation and no contest to the charges in the information, and the trial court adjudicated him guilty of all charges in both cases. Over the State’s objection, the trial court then sentenced defendant to 364 days in county jail, with no credit for time served, and early termination upon a successful completion of a drug rehabilitation program. The maximum guidelines sentence for the probation violation alone was seventeen years imprisonment. The court noted on the record that the drug evaluation supported the guidelines deviation. See § 397.12, Fla.Stat. (1989).
First, we observe that when a defendant violates the terms of his probation on which he was placed pursuant to a plea bargain, a trial court may revoke that probation and sentence the defendant to a term in prison in excess of the provisions of *1136 the original bargain. Bilyou v. State, 404 So.2d 744, 746 (Fla.1981); State v. Segarra, 388 So,2d 1017, 1018 (Fla.1980).
Second, we agree with the State’s position that the downward departure sentence for the probation violation and new substantive offenses constituted an inappropriate deviation. A mechanical application of Scates v. State, 603 So.2d 504 (Fla.1992), may support the defendant’s contention that the downward departure was appropriate because of the drug evaluation. However, an analysis of Scates and the underlying statutes upon which the supreme court based its decision, discloses that the Legislature intended trial courts to have discretion to tailor sentences based on drug evaluations “for individuals capable of rehabilitation ... in lieu of, or in addition to, imposition of criminal penalties.” 603 So.2d at 505 (quoting § 397.10, Fla. Stat. (1989)). Here, we find the trial court abused its discretion in referring the defendant to a drug rehabilitation program in lieu of a prison sentence within the guidelines range, especially in light of the defendant’s escalating criminal activity, and that the rehabilitation should have been in addition to a sentence within the guidelines.
For the foregoing reasons, we reverse and remand for resentencing within the guidelines.