624 So.2d 826 (1993)
Gregory Bennett HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03836.
District Court of Appeal of Florida, Second District.
September 29, 1993.
Ellen S. Masters of Richard D. Mars, P.A., Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Chief Judge.
Gregory Hill was tried for and convicted of various drug related offenses. He received a sanction of five years in prison followed by five years' probation. His primary offense at sentencing  trafficking in methamphetamine  carried a mandatory minimum penalty of five years, which "shall not be suspended, deferred, or withheld." § 893.135(1)(f)2., *827 Fla. Stat. (1989). At sentencing, Hill asked the court to refer him to a drug treatment facility pursuant to section 397.12, Florida Statutes (1989), as an alternative to incarceration[1]. The trial court declined Hill's request and imposed the mandatory minimum term but, in so doing, expressed the view that "if this [sentencing provision] were not mandatory, I would have imposed a different sentence."[2] The trial court, however, imposed the correct sentence. We affirm.
Hill contends he is an appropriate candidate for reformation and urges that we vacate the mandatory portion of his prison sentence to permit the trial court, on remand, to exercise its discretion and impose a "meaningful alternative" to prison, a sentencing approach contemplated by chapter 397. He relies principally upon the recent decision in Scates v. State, 603 So.2d 504 (Fla. 1992), in which the supreme court announced that trial courts may depart from the minimum mandatory sentencing provisions of section 893.13(1)(e)(1). The latter statute condemns the sale or purchase of a controlled substance within 1000 feet of a school. In Hill's view, Scates casts doubt upon the correctness of our holding in State v. Edwards, 456 So.2d 575 (Fla. 2d DCA 1984), where we said that the provisions of chapter 397 "are directed solely at drug users (i.e., drug abusers and drug dependents), not drug traffickers." Edwards, 456 So.2d at 577 (footnotes omitted). Our review of Edwards in the light of Scates discloses that our confinement of the trial court's sentencing discretion to possessory offenses has been overruled. We nonetheless reject Hill's argument that Scates has extended section 397.12's rehabilitation alternative to drug traffickers. In enlarging the reach of chapter 397 to violators of section 893.13(1)(e), the supreme court's significant remark is that "we fail to see any difference between possessing cocaine for personal use and purchasing a small amount of cocaine for personal use." Scates, 603 So.2d at 506. The personal acquisition and consumption of illegal drugs differs sharply, however, from the peddling of such drugs for profit.
We cannot overlook the significance of one other consideration deriving from Scates. Although sections 893.13 and 893.135 both call for a minimum term of confinement, the provisions are susceptible to differing constructions:
Two other sections in chapter 893 contain mandatory minimum sentences. Sections 893.135 [drug trafficking] and 893.20 [continuing criminal enterprise], Florida Statutes (1989), provide that the minimum sentences contained therein shall "not be suspended, deferred, or withheld." Also, sections 893.135 and 893.20 expressly refer to their sentences as "mandatory." There is no similar restriction in section 893.13(1)(e), and the word mandatory is not used. The omission of this language implies that the legislature intended a different construction, allowing trial judges greater discretion in sentencing decisions under section 893.13(1)(e).
Scates, 603 So.2d at 505-06 (footnote omitted). The inclusion in section 893.135 of the proscription against suspending, deferring or withholding the mandatory penalty reflects a legislative intent to strengthen the punishment for large scale drug trafficking.
Accordingly, we affirm.
CAMPBELL and THREADGILL, JJ., concur.
NOTES
[1] Section 397.12 provides in relevant part:

When any person, including any juvenile, has been charged with or convicted of a violation of any provision of chapter 893 or of a violation of any law committed under the influence of a controlled substance, the court ... may in its discretion require the person charged or convicted to participate in a drug treatment program licensed by the department [of Health and Rehabilitative Services]... . If referred by the court, the referral may be in lieu of or in addition to final adjudication, imposition or any penalty or sentence, or any other similar action.
[2] The trial court's comment appears to have its origin in Hill's voluntary completion prior to sentencing of a drug rehabilitation program as well as the testimony from Hill's family and acquaintances that his character and attitude improved following rehabilitation.