PARIENTE, Judge,
dissenting, with which FARMER, Judge, concurs.
The trial court’s 3½ year sentence imposed in this case exceeded the 3 year minimum sentence of section 893.13(l)(e). Unlike in ' McKenzie, the trial court in this case was not under the misapprehension that it was precluded from checking the box on the sentencing form. The trial court elected not to check off the box specifying that the 3 year minimum imprisonment provisions of section 893.13(l)(e)(l) were ordered. The majority here does not suggest that the trial court’s sentence is either invalid or void for failure to check off a box. Florida Rule of Criminal Procedure 3.986 specifically provides that no sentence shall be void for failure to follow an authorized form of judgment and sentence.
Further, although the majority refers to the mandatory minimum requirements of section 893.13(l)(e), the Supreme Court in Scates v. State, 603 So.2d 504 (Fla.1992) compared the language of sections 893.13(1)(e) with sections 893.135 and 893.20. It noted that the word “mandatory” is not used in section 893.13(1)(e). The Supreme Court found the omission of the word “mandatory” implied the legislature intended greater discretion in sentencing decisions under section 893.13(1)(e), than under sections 893.135 and 893.20, which expressly referred to the sentences contained therein as “mandatory.”
Since the sentence imposed by the trial court is legal and in compliance with both the statute and the sentencing guidelines, I believe it is beyond our purview to mandate that a box be checked off by the trial court. I agree with the reasoning contained in Judge Sharp’s dissent in McKenzie.
I respectfully dissent.