RYDER, Judge.
The state attacks the trial court’s decision to impose a downward departure sentence in this prosecution for sale of cocaine within 1000 feet of a school. Randall pled nolo contendere to several violations of section 893.13(l)(e)l., Florida Statutes (1991), and was sentenced to two years’ community control followed by three years’ probation. We agree with the state that the trial court abused its discretion in departing downward from the minimum sentence for sale of drugs mandated by this statute. We reverse and remand for resentencing.
Randall lived within 1000 feet of a school. The charges against her were based on two sales of rock cocaine to an undercover agent. The sales took place inside her home. A search of her residence pursuant to a search warrant netted thirty more pieces of rock cocaine. The trial court’s written reasons for a departure sentence were that Randall had not dealt with school children and that the crime did not deal with the school, school activities or school personnel.
At sentencing, Randall relied on State v. Regan, 564 So.2d 1208 (Fla. 2d DCA1990) in support of her request for a downward departure sentence. Although this case affirmed the trial court’s decision to impose a downward departure sentence for the purchase of drugs within 1000 feet of a school, we note that it interpreted an earlier version of section 893.13 that did not contain a mandatory minimum penalty. In his concurrence in Regan, Judge Altenbernd noted that a downward departure may not have been permitted if this court had been construing the present version of the statute, which provided for a minimum sentence. Regan does not, therefore, control our analysis of the present statute.
*572 Our supreme court, in Scates v. State, 603 So.2d 504 (Fla.1992), analyzed the extent of judicial discretion under the 1989 version of section 893.13, which contains the minimum mandatory penalty and is almost identical to the 1991 version of the statute at issue here. Scates was a drug abuser who had purchased cocaine for his personal use from an undercover sheriffs deputy within 1000 feet of a school. The trial court placed Scates on two years’ probation and ordered him to complete drug rehabilitation pursuant to section 397.-12, Florida Statutes (1989). The Scates court indicated that trial judges have greater discretion in sentencing under section 893.-13(l)(e) than under other sections in chapter 893 that contain mandatory minimum sentencing provisions. See §§ 893.135 and 893.-20, Fla.Stat. (1991). The supreme court approved the trial court’s decision, holding that a drug offender convicted under section 893.-13(l)(e) could be referred to a rehabilitation program under section 397.12 rather than sentenced to a minimum three years in prison.
Scates does not authorize a downward departure sentence here. Randall sold drugs, unlike Scates who merely purchased them. Randall did not ask to be sent to a rehabilitation program under section 397.12, nor did the trial judge order it. Moreover, we have recently ruled that section 397.12’s rehabilitation alternative does not apply to drug traffickers. Hill v. State, 624 So.2d 826 (Fla.2d DCA 1993). Even if Scates could be read to authorize a downward departure sentence without drug rehabilitation, it does not permit a seller to avoid the minimum mandatory penalty prescribed in section 893.13(l)(e)l. The supreme court particularly noted that Scates “was not a dealer_” 603 So.2d at 506. We have also stated that the personal acquisition and consumption of illegal drugs differs sharply from the peddling of drugs for profit. Hill. A trial judge has no discretion to depart from the minimum mandatory sentencing provisions of section 893.13(l)(e)l. when the statutory violation involves sale of drugs.[1]
We reverse and remand for resentencing in accordance with this opinion.
FRANK, C.J., and PARKER, J., concur.

. We note that the legislature has amended section 893.13, effective January 1, 1994. Ch. 93-406, § 23, Laws of Fla. The amendment deletes the minimum mandatory sentence for purchasers, but leaves the penalty intact for sellers. while this revised statute is not applicable to this case, it is evidence of the legislative intent that the minimum sentencing provision is mandatory when violation of the statute is based on sale of drugs.