641 So.2d 45 (1994)
John McKENDRY, Petitioner,
v.
STATE of Florida, Respondent.
No. 81477.
Supreme Court of Florida.
May 19, 1994.
Rehearing Denied August 25, 1994.
Ronald B. Smith, Waxler & Smith, Stuart, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen., and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for respondent.
GRIMES, Chief Justice.
We review State v. McKendry, 614 So.2d 1158 (Fla. 4th DCA 1993), in which the court certified the following question as one of great public importance:
DO THE PROVISIONS OF SECTION 948.01, FLORIDA STATUTES (1989), AUTHORIZE THE IMPOSITION OF A SENTENCE OTHER THAN AS PROVIDED IN SECTION 790.221(2), FLORIDA STATUTES (1989)?
Id. at 1161. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
John McKendry was convicted of possession of a short-barreled shotgun in violation of section 790.221, Florida Statutes (1989). Although the recommended guidelines sentence for McKendry's crime was community control or twelve to thirty months in prison, section 790.221(2) provided for a mandatory *46 minimum term of imprisonment of five years.[1] The trial judge sentenced McKendry to the mandated term of five years. However, because of the facts of the case[2] and McKendry's prior record, the judge suspended the five-year prison term and placed McKendry on community control for one year to be followed by three years of probation.
The State appealed and the district court of appeal reversed McKendry's sentence. The court held that section 948.01, Florida Statutes (1989), the statute which gives a trial court authority to suspend a sentence and implement community control, could not operate to avoid the enforcement of the mandatory minimum term in section 790.221(2). However, because of the conflicting provisions of section 790.221(2) and section 948.01, the court certified the question quoted above.
Under section 790.221, Florida Statutes (1989), it is illegal for any person to own or have in his or her care, custody, possession, or control a short-barreled shotgun. Section 790.221(2) provides that any person convicted under this statute "shall be sentenced to a mandatory minimum term of imprisonment of 5 years." § 790.221(2), Fla. Stat. (1989). At the same time, section 948.01, Florida Statutes (1989), states:
(3) If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place him upon probation... .
(4) If, after considering the provisions of subsection (3) and the offender's prior record or the seriousness of the offense, it appears to the court in the case of a felony disposition that probation is an unsuitable dispositional alternative to imprisonment, the court may place the offender in a community control program.
The issue presented is whether or not section 948.01 authorizes a trial judge to depart from the minimum mandatory sentence set forth in section 790.221(2).
We begin our analysis of the issue by applying accepted rules of statutory construction to the statutes in question. First, a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms. Adams v. Culver, 111 So.2d 665, 667 (Fla. 1959); State v. Billie, 497 So.2d 889, 894 (Fla. 2d DCA 1986), review denied, 506 So.2d 1040 (Fla. 1987). The more specific statute is considered to be an exception to the general terms of the more comprehensive statute. Floyd v. Bentley, 496 So.2d 862, 864 (Fla. 2d DCA 1986), review denied, 504 So.2d 767 (Fla. 1987). Under this rule, section 790.221(2), which specifically addresses the criminal penalty for possession of a short-barreled shotgun, prevails over section 948.01, which generally gives a trial judge discretion to suspend criminal sentences. To arrive at any other conclusion would render the specific mandatory language of section 790.221(2) without meaning.
Further, when two statutes are in conflict, the later promulgated statute should prevail as the last expression of legislative intent. Sharer v. Hotel Corp. of Am., 144 So.2d 813 (Fla. 1962); State v. Ross, 447 So.2d 1380, 1382 (Fla. 4th DCA 1984), review denied, 456 So.2d 1182 (Fla. 1984). Section 948.01 was originally enacted in 1941 long before mandatory minimum sentences were known except in capital cases and at a time when trial courts still had virtually unlimited discretion in sentencing. While section 790.221 was originally enacted in 1969, it was not until 1989 that the statute was amended to include the mandatory sentencing language. *47 Although section 948.01 was also amended in 1989, the amendment concerned an unrelated issue, and there was no mention of section 790.221. Therefore, section 790.221(2) should prevail over section 948.01 as the last expression of legislative intent on the subject of sentencing for possession of a short-barreled shotgun.
Legislative intent is also made clear by the 1989 amendment to section 790.221(2). Prior to 1989, section 790.221(2) read as follows: "[a]ny person convicted of violating this section is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary not to exceed 5 years." Ch. 69-306, § 10, at 1110, Laws of Fla. The 1989 amendment changed the statute to read "[u]pon conviction thereof he shall be sentenced to a mandatory minimum term of imprisonment of 5 years." Ch. 89-312, § 1, at 2042, Laws of Fla. The legislature specifically amended the statute to replace the permissive sentencing language limiting the maximum term of imprisonment to five years with mandatory sentencing language limiting the minimum term of imprisonment to five years. We find the 1989 amendment changing the language of section 790.221(2) to be a clear and unambiguous expression of the legislature's intent.
McKendry argues that Scates v. State, 603 So.2d 504 (Fla. 1992), should control in the instant case. In Scates, the defendant was convicted under section 893.13(1)(e)(1), Florida Statutes (1989), of purchasing cocaine within 1000 feet of a school. Section 893.13(1)(e)(1) provides for a minimum term of imprisonment of three years. However, the defendant in Scates was sentenced to two years' probation and ordered to undergo drug rehabilitation pursuant to section 397.12, Florida Statutes (1989). This Court held that trial judges may order a defendant to participate in a drug rehabilitation program pursuant to section 397.12 rather than impose the three-year minimum sentence under 893.13(1)(e)(1). The State argues that Scates may be distinguished from the case before us. We agree.
The statutes in Scates, section 397.12 and section 893.13(1)(e)(1), were both designed to combat drug abuse, and section 397.12 specifically refers to chapter 893. In contrast, the statutes in the case at bar were not created to work together toward a specific legislative goal. Section 790.221 was enacted in part specifically to address the crime of possession of a short-barreled shotgun. On the other hand, section 948.01 was created to generally address the trial court's authority to grant leniency in any criminal sentencing. Furthermore, section 893.13(1)(e)(1) did not expressly refer to its sentence as "mandatory," thereby implying that the legislature intended to allow trial judges greater discretion in sentencing. Therefore, Scates does not control in the case at bar.
The legislature chose to prescribe as punishment for possession of a short-barreled shotgun a minimum mandatory term of imprisonment of five years. In State v. Coban, 520 So.2d 40 (Fla. 1988), this Court held that "[t]he plenary power of the legislature to prescribe punishment for criminal offenses cannot be abrogated by the courts in the guise of fashioning an equitable sentence outside the statutory provision." Id. at 41. Consistent with our opinion in Coban, we now conclude that the courts have no discretion in whether or not to impose the automatic sentence contained in section 790.221(2). We therefore answer the certified question in the negative and approve the decision of the district court of appeal.
It is so ordered.
McDONALD, KOGAN and HARDING, JJ., concur.
OVERTON, J., concurs with an opinion, in which KOGAN, J., concurs.
SHAW, J., dissents with an opinion.
OVERTON, Justice, concurring.
This unreasonable result has occurred because of the inflexibility of the applicable statute. However, I must concur in the Court's decision because the legislature acted within its constitutional authority when it established the five-year mandatory sentence for this offense. A man is going to prison for five years for cutting off the damaged end of a shotgun barrel and then firing the gun in his own backyard. I agree with the trial *48 judge that these actions, while deserving of a criminal penalty, do not justify this extreme sentence. Incredibly, because of the overcrowded conditions in the state prison system, the possibility exists that a truly violent criminal may be released early to free up a bed for McKendry. This case illustrates the problem with inflexible mandatory sentences prescribed by the legislature. It demonstrates that trial judges should be afforded at least some discretion to determine the appropriate sentence in certain circumstances. Interestingly, the legislature has now eliminated the mandatory sentence for McKendry's offense. The legislature should be extremely careful in directing the imposition of mandatory sentences and should possibly seek a means to reinstate, at least to some extent, the discretion allowed trial judges under section 948.01, Florida Statutes (1993).
KOGAN, J., concurs.
SHAW, Justice, dissenting.
The majority's application of the law in this case produces a result that all agree is exceedingly harsh and disproportionate to the offense. I am convinced that the legislature never intended this result and I would give deference to legislative intent by applying the law in a less rigid and mechanical fashion.
According to unrefuted testimony in the record, John McKendry had never been in serious trouble with the law prior to committing the present offense.[3] On December 23, 1990, in an effort to salvage an old shotgun with a broken barrel, Mr. McKendry cut the barrel off at the point where it was broken and then test-fired the gun in his own backyard. He was arrested, charged, and convicted of violating section 790.221, Florida Statutes (1989), which outlaws possession of a shotgun with a barrel under eighteen inches.
The State argued at sentencing that McKendry should be sentenced to five years' imprisonment under the statute's mandatory minimum provision. McKendry testified, concluding thusly:
THE DEFENDANT (to the court): I never did nothing to hurt anyone, I never did nothing to hurt anybody, nobody ... I wouldn't ever do anything to hurt anybody. And I didn't know when I cut the barrel, I didn't know that it was gonna be short ... I just broke it off to where it was busted and I didn't know what  I didn't know anything about the law about the gun at that time, I did not know, I was ignorant about it... . I just cut it off where it was bent and that's all I did. I wouldn't do nothing to hurt anybody. I wasn't gonna do nothing with it, I just did  did something stupid.
The trial judge imposed five years' imprisonment as required by the statute, but then suspended the sentence and placed McKendry on one year of community control followed by three years' probation. The State appealed and the district court reluctantly reversed, ruling that the constitution requires enforcement of the five-year mandatory minimum requirement. The majority agrees.
The statute under which McKendry was convicted read in part as follows:
790.221 Possession of short-barreled rifle, short-barreled shotgun, or machine gun; penalty. 
(1) It is unlawful for any person to own or to have in his care, custody, possession, or control any short-barreled rifle, short-barreled shotgun, or machine gun which is, or may readily be made, operable; but this section shall not apply to antique firearms.
(2) A person who violates this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Upon conviction thereof he shall be sentenced to a mandatory minimum term of imprisonment of 5 years.
§ 790.221, Fla. Stat. (1989). The five-year mandatory minimum requirement was added to the statute just one year before McKendry committed his offense[4] and was rescinded *49 three years after the offense.[5]
The statutory penalty in effect at the time a crime is committed ordinarily controls the punishment at sentencing. This rule is governed by two constitutional provisions: The Ex Post Facto Clause, which bars retrospective application of a law that disadvantages a defendant,[6] and the Savings Clause, which bars retrospective application of a change in law that prejudices the State. This latter clause provides:
Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed.
Art. X, § 9, Fla. Const. This provision was enacted in 1885 to negate a recent court ruling that let an attempted murderer go free after repeal of the assault statute. See State v. Watts, 558 So.2d 994 (Fla. 1990).
The Ex Post Facto Clause is inapplicable here because retrospective application of the rescission of the mandatory minimum provision would not disadvantage the defendant. Further, the Savings Clause by its own terms applies only to changes in a criminal statute that affect "punishment," and Florida's statutory "punishments"  spelled out in sections 775.082, 775.083, and 775.084, Florida Statutes (1989)  would not be affected by retrospective application. See generally Castle v. State, 330 So.2d 10 (Fla. 1976) (Savings Clause applies to statutorily authorized penalties); Turner v. State, 87 Fla. 155, 99 So. 334 (1924) (same).
Mandatory minimum provisions are nowhere in Florida Statutes defined as "punishments," but rather are guides for judges which, like the sentencing guidelines themselves, channel trial judges' discretion in imposing the "punishments" spelled out in sections 775.082, 775.083, and 775.084. Because they do not affect the underlying statutory "punishments," changes in mandatory minimum provisions may be applied retrospectively just as changes in the sentencing guidelines have been.[7]
The underlying statutory "punishment" in the present case, i.e., "a term of imprisonment not exceeding 15 years," would be unaffected by retrospective application of the rescission of the mandatory minimum provision. See § 775.082(3)(c), Fla. Stat. (1993). That being the case, I see no reason in logic or equity to hold Mr. McKendry's feet to the fire with a five-year mandatory prison term where he committed a technical violation of the statute and did so out of ignorance rather than a willful disregard for the law. Such a draconian result can and should be avoided if possible. Because McKendry's appeal was not yet final when the change in law occurred, I would give him the benefit of that change.[8]
The legislature has indicated that its reason for rescinding the mandatory minimum requirement in section 790.221 is to make room in prison "for violent offenders and nonviolent offenders who have repeatedly committed criminal offenses and have demonstrated *50 an inability to comply with less restrictive penalties previously imposed." Ch. 93-406, § 1 at 2912, Laws of Fla. Mr. McKendry, who all agree does not fit this description in any way, shape, or form, will for the next five years of his life be occupying a prison cell that could otherwise go to an armed robber, rapist, or other violent criminal or recidivist  who in turn will be out walking the streets.
In applying abstruse legal theories and venerable rules of construction to the present case, the majority has in my opinion lost sight of one thing  simple justice for a common man.
NOTES
[1] In 1993 the legislature amended section 790.221(2) to remove the minimum mandatory term of imprisonment. Ch. 93-406, § 21, at 2948, Laws of Fla.
[2] The shotgun was owned by McKendry's father. The barrel of the gun was bent and McKendry cut it off where it was bent. He testified that he did not realize what he did was illegal. McKendry was arrested after firing the weapon in his backyard.
[3] He apparently had been charged at some point with DUI, but the charge was later dropped.
[4] The pre-amendment version of the statute called for a term of imprisonment not exceeding five years:

(2) Any person convicted of violating this section is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary not to exceed 5 years.
§ 790.221, Fla. Stat. (1987).
[5] The penalty provision of the statute was changed in 1993 to read:

(2) A person who violates this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, s. 775.084.
§ 790.221, Fla. Stat. (1993).
[6] Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).
[7] The sentencing guidelines are applied retrospectively whenever the defendant so elects. See § 921.001(4)(a), Fla. Stat. (1989) ("[t]he guidelines shall be applied to all felonies... committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act"). The same is true of the recent extensive rewriting of the guidelines. See § 921.001(4)(b), Fla. Stat. (1993) ("[t]he 1994 guidelines apply to sentencing for all felonies ... committed before January 1, 1994, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the 1994 guidelines"). The guidelines, however, are substantive in nature and cannot under the Ex Post Facto Clause be applied retrospectively where the defendant would be disadvantaged. See Smith v. State, 537 So.2d 982 (Fla. 1989).
[8] Retrospective application would apply only to "pipeline" cases. Cf. Smith v. State, 598 So.2d 1063, 1066 n. 5 (Fla. 1992) (similar policy for decisional law).