KLEIN, Judge.
Appellees pled guilty to purchasing 45 grams of cocaine for their own use, but were *563 sentenced to rehabilitation pursuant to section 397.12, Florida Statutes (1991), although the amount makes the offense trafficking. The state appeals and we reverse, but certify the issue as one of great public importance.
Thomas Swidersky and his cousin John Swider are admitted cocaine addicts, who together purchased 45 grams of cocaine from an undercover police officer. These first-time offenders pled guilty and, at the plea hearing, the court asked the state whether it could show that the cocaine was purchased for other than personal consumption. The state responded that Swidersky, in his confession, had stated that he had purchased the cocaine for his own and his friends’ personal use. The state also advised the court it had no evidence that the cocaine was purchased for resale. Although 45 grams was an amount of cocaine which constitutes trafficking, the court withheld adjudication of guilt and sentenced the defendants to drug treatment under section 397.12.
In Scates v. State, 603 So.2d 504 (Fla.1992), defendant was convicted of purchasing a small amount of cocaine for personal use within 1,000 feet of a school, and was ordered to undergo rehabilitation pursuant to section 397.12 as an alternative to incarceration. This court reversed,[1] and certified as a question of great public importance whether a court could depart from the minimum mandatory provisions for this offense and order rehabilitation under section 397.12. Our supreme court answered in the affirmative, stating:
In the instant case, Scates was a first-time offender who purchased cocaine for personal use. He is not a dealer or manufacturer. The trial court expressly found that Scates was capable of and amenable to rehabilitation. Chapter 397 was promulgated to give individuals who have a problem with drugs an opportunity to become productive members of society. Scates is the type of defendant contemplated by the rehabilitation alternative of section 397.12. In this case, application of a mandatory minimum sentence would not further the legislative goal of providing alternatives to incarceration for drug addicts with a chance at meaningful rehabilitation.
Scates, 603 So.2d at 506.
The present case is distinguishable from Scates because the amount involved here makes this trafficking, which is an offense governed by section 893.135. Although section 893.13(l)(e)(l), which was applicable to Scates, provided that offenders “shall be sentenced to a minimum term of imprisonment of three calendar years,” the court held that Scates was still eligible to be sentenced under chapter 397. In arriving at this conclusion, however, the court noted that there was additional sentencing language in the trafficking provision of section 893.135:
Sections 893.135 and 893.20, Florida Statutes (1989), provide that the minimum sentences contained therein shall “not be suspended, deferred, or withheld.” Also, sections 893.135 and 893.20 expressly refer to their sentences as “mandatory.” There is no similar restriction in section 893.13(l)(e), and the word mandatory is not used. The omission of this language implies that the legislature intended a different construction, allowing trial judges greater discretion in sentencing decisions under section 893.13(l)(e). (Footnote omitted).
Scates, 603 So.2d at 506.
But for the above language in Scates, we might well have been persuaded that the defendants were eligible to be sentenced under chapter 397. In light of this language, however, we must reverse their sentences and remand for resentencing under section 893.135. See Hill v. State, 624 So.2d 826 (Fla. 2d DCA 1993).
We are somewhat sympathetic to the plight of these first-time offenders, who are admitted addicts who purchased with no intent to resell. They fit perfectly within the profile of the person described by our supreme court in Scates for whom chapter 397 was promulgated. Moreover, it was only the total amount of the cocaine they purchased together, 45 grams, which made it trafficking. Had they each separately purchased ½ of that amount from the seller, the purchases *564 would not have exceeded the 28 gram threshold for trafficking.
Because the holding in Scates was limited to a construction of section 893.13, and because these defendants are precisely the type of people suited for rehabilitation under chapter 397, we certify the following question of great public importance:
ARE TWO FIRST-TIME OFFENDERS WHO PURCHASE 45 GRAMS OF COCAINE, STRICTLY FOR CONSUMPTION AND NOT RESALE, ELIGIBLE FOR REHABILITATION UNDER CHAPTER 397, NOTWITHSTANDING THE AMOUNT EXCEEDS THE 28 GRAM TRAFFICKING THRESHOLD?
DELL, C.J., and GUNTHER, J., concur.

. State v. Scates, 585 So.2d 385 (Fla. 4th DCA 1991).