661 So.2d 38 (1995)
STATE of Florida, Appellant,
v.
Christopher C. BATTLE, Appellee.
No. 94-00915.
District Court of Appeal of Florida, Second District.
April 11, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia E. Davenport, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellee.
ALTENBERND, Judge.
The state appeals the sentences imposed on Christopher C. Battle, arguing that the trial court was required to impose a three-year minimum sentence because Mr. Battle was convicted of selling cocaine within 1000 feet of a school. We reverse the sentences, but provide Mr. Battle with the opportunity to withdraw his plea on remand.
For events occurring on November 4, 1993, the state filed an information charging Mr. Battle with one count of possession of cocaine and two counts of selling or delivering cocaine *39 within 1000 feet of a school. Mr. Battle pleaded nolo contendere in exchange for concurrent sentences of five years' imprisonment on the possession of cocaine charge and seven years' imprisonment on the two counts of selling or delivering.
At the sentencing hearing in March 1994, the state requested two concurrent three-year minimum sentences on the selling or delivering counts. The trial court believed that the legislature had eliminated such minimum sentences in January 1994 and that it was obligated to impose the newer, more lenient, sentencing.
It is well established that an amendment to a criminal statute does not affect the prosecution of, or the punishment for, a crime committed before the amendment. Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974), affirmed, 330 So.2d 10 (Fla. 1976). The controlling statute for punishment is the statute in effect at the time of the commission of the crime. Gilford v. State, 487 So.2d 53 (Fla. 2d DCA 1986). Thus, the trial court was required to sentence based on section 893.13(1)(e), Florida Statutes (1993) (see note following statute; section 22, ch. 93-406, Laws of Florida).[1] Because Mr. Battle was selling cocaine, rather than purchasing it, the holding in State v. Randall, 627 So.2d 571 (Fla. 2d DCA 1993), would appear to require the imposition of a minimum sentence. In a lengthy motion for rehearing, Mr. Battle has attempted to distinguish Randall based on a 1993 amendment to chapter 397, Florida Statutes. Because this argument was never made to the trial court or to this court prior to the motion for rehearing, we decline to address it at this time. Mr. Battle is free to make this argument at the time of his sentencing on remand.
It is apparent from the record that Mr. Battle may have entered his plea on the assumption that he would not receive a minimum sentence. If that is the case, on remand he may have the option of withdrawing his plea.
Reversed and remanded.
CAMPBELL, A.C.J., and QUINCE, J., concur.
NOTES
[1] We note that the trial court did not realize the limited nature of the statutory amendment. Although the legislature eliminated the minimum sentence for purchase near a school, it did not eliminate this sentence for sale or delivery during most hours of the day within 1000 feet of a school. See § 893.13(1)(c), Fla. Stat. (1993).