PER CURIAM.
The state appeals the sanction of community control followed by probation imposed on William Millet pursuant to his plea of nolo contendere to possession of a short-barreled shotgun in violation of section 790.221, Florida Statutes (1993). It contends the trial court erred in not imposing the five-year minimum mandatory term of imprisonment required by section 790.221(2).[1] Millet concedes the error based on McKendry v. State, 641 So.2d 45 (Fla.1994). Accordingly, we reverse Millet’s sentence and remand for further proceedings.
In McKendry, the supreme court held that section 948.01, Florida Statues (1989), which grants trial courts the authority to suspend a sentence and impose community control, does not authorize trial courts to depart from the minimum mandatory sentence set forth in section 790.221(2), Florida Statutes (1989). It is clear from the record, however, that Millet’s change of plea was made in reliance on the trial court imposing non-prison sanctions. On remand, therefore, he should be given the opportunity to withdraw his plea. See State v. Preston, 622 So.2d 169 (Fla. 2d DCA 1993). Otherwise, the trial court must resentence him in accord with McKendry.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and BLUE and LAZZARA, JJ., concur.'

. Although the legislature amended section 790.221(2) to remove the minimum mandatory term of imprisonment, that amendment is not applicable to Millet because he committed the offense in November 1993 and the amendment, which is prospective in application only, did not become effective until January 1, 1994. Ch. 93-406, § 21, at 2948, Laws of Fla.