GUNTHER, Judge.
The State argues that the trial court erred in sentencing Rodney Bazil (Appellee) to less than the mandatory three-year prison term where Appellee pled guilty to selling cocaine within 1,000 feet of a school. We agree.
Appellee, Rodney Bazil, was arrested on December 11, 1995, and charged with delivery of cocaine within 1,000 feet of a school. When he appeared in court, Appellee also had two other pending eases, one for possession of cocaine and one for sale of a counterfeit controlled substance. All three cases were resolved when Appellee entered a guilty plea in each individual case. Appellee, citing Scates v. State, 603 So.2d 504 (Fla.1992), informed the trial court that it could refer him to a drug abuse program instead of imposing a three-year minimum sentence for selling cocaine within 1,000 feet of a school. The trial court agreed and citing to the Scates opinion, it sentenced him to time served (221 days) and two years probation.
On appeal, the State argues that the mandatory minimum sentence should have been imposed for selling cocaine within 1,000 feet of a school and that the Scates opinion is inapplicable since the instant ease involves the “sale” and not the “purchase” of cocaine within 1,000 feet of a school. Appellee counters that this issue has not been preserved and, assuming preservation, that the trial court was permitted to impose a downward departure sentence pursuant to the Scates opinion.
We find that the issue has been properly preserved for review and that the trial court erred in not imposing the three-year minimum mandatory sentence in this ease. In Scates, the defendant purchased cocaine within 1,000 feet of a school in violation of section 893.13(l)(e)l, Florida Statutes (1989). Scates, 603 So.2d at 505. This section pro *1152 vided that anyone convicted of selling, purchasing, manufacturing, or delivering a controlled substance within 1,000 feet of a school “shall be sentenced to a minimum term of imprisonment of 3 calendar years.” § 893.13(l)(e)l, Fla. Stat. (1989). The issue before the supreme court was whether a conviction under section 893.13(l)(e)l required the imposition of a minimum mandatory sentence of three years, or whether section 397.12, Florida Statutes (1989), enabled the trial court to place the defendant in a rehabilitation program in lieu of imprisonment. Scates, 603 So.2d at 505. Section 397.12, Florida Statutes (1989), provided that when any person has been “charged with or convicted of a violation of any provision of chapter 893,” the trial court may require the person to participate in a drug treatment program “in lieu of or in addition to final adjudication, imposition of any penalty or sentence, or any other similar action.” Since Scates was not a dealer or manufacturer, but was a first time drug offender who had purchased cocaine for personal use and was found to be amenable to rehabilitation, the supreme court reasoned that he was the type of person contemplated by the rehabilitation alternative to incarceration as set forth in section 397.12. Id. at 506. Thus, the supreme court held “that trial judges may refer a defendant convicted under section 893.13(l)(e)l to a drug abuse program pursuant to section 397.12 rather than impose a minimum three-year sentence.” Id.
From the Scates opinion, it would appear that a defendant convicted of either selling or purchasing drugs within 1,000 feet of a school could be sentenced to a drug abuse program instead of being given a three-year sentence. Indeed, on the authority of Scates, the supreme court quashed a decision of this Court which had found that it was improper for a trial court to sentence the defendant to less than the mandatory minimum sentence required for the sale of cocaine within 1,000 feet of a school. See Nordberg v. State, 603 So.2d 509 (Fla.1992). However, the statutes upon which the Scates and Nordberg decisions were based have undergone significant changes. In 1993, section 893.13(l)(e) was amended and renumbered, and section 397.12 was repealed with section 397.705 enacted in its place. See § 893.13(l)(e), Fla. Stat. (1993); State v. Francois, 650 So.2d 1131 (Fla. 3d DCA 1995).
Section 397.705, Florida Statutes (1995), provides that if “any offender ... is charged with or convicted of a crime,” the court may require the offender to undergo substance abuse treatment. Referral to such a treatment program by a trial court “may be instead of or in addition to final adjudication, imposition of penalty or sentence, or other action.” § 397.705, Fla. Stat. (1995). Thus, this section also allows a trial court to impose a downward departure sentence and to require a defendant to receive substance abuse treatment. See Francois, 650 So.2d at 1131. However, section 397.705 does not explicitly refer to chapter 893.
The 1995 version of section 893.13(l)(c) states that it is unlawful for any person to sell, manufacture, or deliver a controlled substance within 1,000 feet of a school. See § 893.13(l)(c), Fla. Stat. (1995)(emphasis added). Anyone convicted of selling, manufacturing, or delivering a controlled substance near a school “must be sentenced to a minimum term of imprisonment of 3 calendar years.” See § 893.13(l)(c)l, Fla. Stat. (1995)(emphasis added). The 1995 version differs from the version of the statutes upon which the decisions in Scates (1989 version) and Nordberg (1991 version) were based. While the 1989 and 1991 version of this statute specifically stated that it was unlawful for any person to “sell, purchase, manufacture, or deliver ” a controlled substance within 1,000 feet of a school, the 1995 version does not contain the term “purchase” in describing what actions are unlawful when one has a controlled substance within 1,000 feet of a school.
Given the changes in this statute, we believe that if a defendant is found guilty of selling a controlled substance within 1,000 feet of a school, as Appellee here was, the trial court is required to sentence the defendant to a minimum of three years in prison. See § 893.13(l)(c)l; State v. Battle, 661 So.2d 38, 39 (Fla. 2d DCA 1995). But see Francois, 650 So.2d at 1131 (affirming downward departure from minimum three-year sen *1153 tence for defendant who was charged “with the unlawful sale or purchase” of cocaine near a school under the authority of Nord-6erp)(emphasis added). Thus, we reverse Appellee’s sentence and remand for further proceedings consistent with this opinion.
Since it is apparent from the record that Appellee entered his plea on the assumption that he would not receive the minimum three-year sentence, Appellee must be given the option of withdrawing his plea on remand. See Battle, 661 So.2d at 39. Although Appellee pled guilty in three separate cases at the same hearing, the only case affected by this decision is the one dealing with the sale of cocaine within 1,000 feet of a school. Accordingly, Appellee is allowed to withdraw his plea in regard to this case only.
REVERSED AND REMANDED.
SHAHOOD, J., and RAMIREZ, JUAN, Jr., Associate Judge, concur.