884 So.2d 1139 (2004)
STATE of Florida, Appellant,
v.
Jerome CREWS, Appellee.
No. 2D03-2181.
District Court of Appeal of Florida, Second District.
October 27, 2004.
*1140 Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellee.
ALTENBERND, Chief Judge.
The State appeals sentences imposed on Jerome Crews after he entered an open plea of guilty to delivery of cocaine within 1000 feet of a school and possession of cocaine. The trial court sentenced Mr. Crews to 18 months' imprisonment for the former charge to be followed by 18 months' probation for the latter charge. Because we conclude that section 893.13(1)(c)(1), Florida Statutes (2002), required the court to impose a minimum term of imprisonment of 3 years for the crime of delivery of cocaine within 1000 feet of a school, and because there is no applicable statutory authority for the court to suspend or defer that sentence, we reverse.
Mr. Crews committed these offenses on October 3, 2002. The Criminal Punishment Code sentencing scoresheet called for a lowest permissible sentence of 28.2 months' imprisonment. At sentencing, Mr. Crews acknowledged that section 893.13(1)(c)(1) provides that a person who commits the crime of delivering cocaine within 1000 feet of a school "must be sentenced to a minimum term of imprisonment of 3 calendar years." However, Mr. Crews argued that all or a portion of this term of imprisonment could be suspended or deferred in favor of a probationary term. Ultimately, the trial court imposed a sentence of 18 months' imprisonment for this charge and did not suspend or defer any portion of this sentence. The court imposed a consecutive sentence of 18 months' probation for the possession of cocaine offense. The trial judge recognized that the sentences constituted a downward departure from the sentence required by the scoresheet and stated, "The only reason I can give it is the drug addiction."
The plain language of section 893.13(1)(c)(1) requires a trial court to impose a sentence of a "minimum term of imprisonment of 3 calendar years" when a defendant has delivered cocaine within 1000 feet of a school. Mr. Crews has advanced three arguments in support of his position that all or a portion of this sentence may be suspended or deferred in favor of a term of probation.
First, section 948.034(1), (2), Florida Statutes (2002), provides that "[o]n or after October 1, 1993," a person who violates specific subsections of section 893.13 "may, in the discretion of the trial court, be required to successfully complete a term of probation in lieu of serving a term of imprisonment as required or authorized by s. 775.084, former s. 921.001, or s. 921.002, as follows." (Emphasis added.) Although section 948.034 refers to section 893.13(1)(c)(2), it does not refer or apply to section 893.13(1)(c)(1). Thus section 948.034 did not permit the trial court to impose probation "in lieu of" the 3-year sentence required by section 893.13(1)(c)(1). Indeed, section 948.034's failure to provide for probation in lieu of a term of imprisonment may suggest a legislative intent not to provide that sentencing option for a defendant who commits the offense of delivery of cocaine within 1000 feet of a school.
*1141 Second, Mr. Crews argues that the supreme court's opinion in Scates v. State, 603 So.2d 504 (Fla.1992), permitted the trial court to sentence him to a term of probation in lieu of imprisonment. In Scates, the supreme court held that section 397.12, Florida Statutes (1989), permitted a trial judge to refer a defendant convicted of purchasing cocaine within 1000 feet of a school to a drug-abuse treatment program rather than impose the 3-year sentence required by section 893.13(1)(e)(1).[1] This court has refused to apply Scates to a case in which the defendant was convicted of sale of cocaine within 1000 feet of a school. State v. Randall, 627 So.2d 571, 572 (Fla. 2d DCA 1993) (stating, "[a] trial judge has no discretion to depart from the minimum mandatory sentencing provisions of section 893.13(1)(e)(1) when the statutory violation involves sale of drugs"). Further, section 397.12 was repealed and replaced with section 397.705, Florida Statutes (2002). Ch. 93-39, §§ 8, 49, at 255, 279, Laws of Fla. Section 397.705 no longer permits referral to treatment "in lieu of ... final adjudication, imposition of any penalty or sentence, or other action." Cf. § 397.12, Fla. Stat. (1989). Instead, section 397.705(1) now requires "the referral shall be in addition to final adjudication, imposition of penalty or sentence, or other action." (Emphasis added.) Thus neither Scates nor the current statutes on substance abuse services permit the trial court to avoid the 3-year term of imprisonment required by section 893.13(1)(c)(1). See also State v. Bazil, 703 So.2d 1151 (Fla. 4th DCA 1997).[2]
Finally, Mr. Crews argues that section 948.01, Florida Statutes (2002), authorized the trial court to withhold the imposition of the minimum sentence called for by section 893.13(1)(c)(1) and to impose probation. Section 948.01 provides:
(1) Any court of the state having original jurisdiction of criminal actions may at a time to be determined by the court, either with or without an adjudication of the guilt of the defendant, hear and determine the question of the probation of a defendant in a criminal case, except for an offense punishable by death, who has been found guilty by the verdict of a jury, has entered a plea of guilty or a plea of nolo contendere, or has been found guilty by the court trying the case without a jury....
(2) If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place the defendant upon probation.
On initial examination, this statute appears to apply broadly to permit a judge to withhold a sentence and impose a term of probation in lieu of imprisonment in any case where (1) "the defendant is not likely again to engage in a criminal course of *1142 conduct and ... the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law" and (2) there is no statutory provision specifically prohibiting the application of section 948.01. Such a broad interpretation would be supported by the fact that various other statutes requiring particular sentences for particular crimes specifically provide that the provisions of section 948.01 will not apply to those sentences.[3] We conclude, however, that the supreme court's opinion in McKendry v. State, 641 So.2d 45 (Fla.1994), prohibits such an interpretation.
In McKendry, the supreme court addressed the interplay of section 948.01 and section 790.221(2), Florida Statutes (1989), which provided that a person convicted of possessing a short-barreled shotgun "shall be sentenced to a mandatory minimum term of 5 years." In determining that section 790.221(2)'s minimum mandatory term prevailed and could not be suspended in lieu of probation pursuant to section 948.01, the supreme court noted "accepted rules of statutory construction" that "a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms" and "when two statutes are in conflict, the later promulgated statute should prevail as the last expression of legislative intent." Id. at 46-47.[4] The court noted, "To arrive at any other conclusion would render the specific mandatory language of section 790.221(2) without meaning." Id. at 46.
Since the supreme court decided McKendry in 1994, the legislature has not amended section 948.01. See Johnson v. State, 91 So.2d 185, 187 (Fla.1956) (noting that legislature's failure to amend a statute construed in an earlier case suggests legislative acceptance or approval of the construction rendered in the earlier opinion). Further, we note that since McKendry, cases involving the sentencing guidelines have not applied section 948.01 to permit probation in lieu of the lowest permissible sentence allowed by the guidelines, even though there is nothing in the sentencing guidelines explicitly stating that section *1143 948.01 does not apply. Rather, the cases have consistently treated probationary sentences as downward departures when the sentencing scoresheet calls for a minimum term of imprisonment. See, e.g., State v. Scott, 879 So.2d 99 (Fla. 2d DCA 2004); see also State v. VanBebber, 848 So.2d 1046 (Fla.2003); State v. Brannum, 876 So.2d 724 (Fla. 5th DCA 2004).
In this case, section 893.13(1)(c)(1)'s provision requiring a 3-year term of imprisonment was enacted after section 948.01 was amended to authorize a court to withhold sentence and impose probation in certain cases. See ch. 85-288, § 14 at 1813, Laws of Fla. (amending § 948.01, effective July 1, 1985); ch. 89-524, § 1, at 2651, Laws of Fla. (amending § 893.13, effective June 27, 1989). Section 893.13(1)(c)(1) is the more specific statute. The reasoning of McKendry has not been questioned by subsequent case law or legislative action. Thus we conclude the reasoning in McKendry applies to prohibit the trial court from withholding, suspending, or deferring any portion of the 3-year sentence of imprisonment required by section 893.13(1)(c)(1) in favor of imposing a term of probation.
We therefore reverse Mr. Crews' sentence of 18 months' imprisonment for delivery of cocaine within 1000 feet of a school.[5] Not only was this sentence contrary to the requirements of section 893.13(1)(c)(1), it was also an improper downward departure. See § 921.0026(3), Fla. Stat. (2002) (stating a defendant's substance abuse or addiction does not, under any circumstances, justify a downward departure sentence). On remand, the court shall resentence Mr. Crews to a term of at least 3 years of imprisonment for this offense.
Reversed and remanded.
WHATLEY and CANADY, JJ., Concur.
NOTES
[1] The language in section 893.13(1)(e)(1) currently appears in section 893.13(1)(c)(1), although the statute now refers to selling, manufacturing, or delivering cocaine; not to purchasing cocaine.
[2] This conclusion does not conflict with State v. Francois, 650 So.2d 1131 (Fla. 3d DCA 1995). That case addressed the 1993 version of section 397.705, which still permitted a referral "instead of or in addition to final adjudication, imposition of penalty or sentence, or other action." (Emphasis added.) The current version of section 397.705 no longer contains the phrase "instead of." See ch. 97-194, § 38, at 3726-27, Laws of Fla.
[3] See, e.g., § 893.135(3), Fla. Stat. (2003) (involving offenses for drug trafficking and providing, "[n]otwithstanding the provisions of s. 948.01, with respect to any person who is found to have violated this section, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld"); § 316.1935, Fla. Stat. (2003) (involving fleeing or attempting to elude a law enforcement officer; providing, "[n]otwithstanding s. 948.01, no court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of this section."); § 784.08(1), (3), Fla. Stat. (2003) (requiring that person convicted of aggravated assault or aggravated battery on elderly person "shall be sentenced to a minimum term of imprisonment of 3 years" and "[n]otwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld"); see also § 784.07(2)(c), Fla. Stat. (2003) (stating, "[n]otwithstanding any other provision of law, any person convicted of aggravated assault upon a law enforcement officer shall be sentenced to a minimum term of imprisonment of 3 years").
[4] But see State v. Robertson, 614 So.2d 1155 (Fla. 4th DCA 1993) (Farmer, J., specially concurring) (concluding that when a statute calls for "minimum" or "mandatory minimum" sentence and does not explicitly state section 948.01 will not apply, tenets of statutory interpretation  including the presumption that the legislature passes statutes with knowledge of other existing statutes and that the use of different terms in different statutes on the same subject is strong evidence that different meanings were intended  lead to two equally plausible readings of legislative intent: one that permits probation and one that forbids it; rule of lenity codified at section 775.021(1), Florida Statutes (1991), requires judges choose the construction that favors the defendant).
[5] We note that the 18-month drug offender probation sentence Crews received for possession of cocaine was permissible. See § 948.01(13), Fla. Stat. (2002) (currently § 948.20, Fla. Stat. (2004), permitting trial court to "stay and withhold the imposition of sentence" of a chronic substance abuser who violates section 893.13(6)(a) "and place the defendant on drug offender probation"); Jones v. State, 813 So.2d 22 (Fla.2002) (holding section 948.01(13) permits court to impose a sentence of drug offender probation for possession of cocaine irrespective of the guidelines).