VILLANTI, Judge.
The State appeals the sentence imposed on Lydia Pearl Mackey after she entered an open plea of guilty to delivery of cocaine within 1000 feet of- a school. Ms. Mackey also pleaded guilty to possession of cocaine and possession of hydrocodone. The trial court sentenced Ms. Mackey to three concurrent terms of three years of probation. On the delivery of cocaine within 1000 feet of a school charge, the State argues that the trial court was required to sentence Ms. Mackey to a mandatory minimum term of at least three years in prison, pursuant to section 893.13(l)(c)(l), Florida Statutes (2004). We agree and therefore reverse that sentence.
Under section 893.13(l)(c)(l), a defendant who commits the offense of delivery of cocaine within 1000 feet of a school “must be sentenced to a minimum term of imprisonment of 3 calendar years.” See State v. Crews, 884 So.2d 1139, 1140 (Fla. 2d DCA 2004) (reversing an eighteen-month prison sentence for delivery of cocaine within 1000 feet of a school because section 893.13(l)(c)(l) requires a minimum term of three years in prison and no appli *773 cable statute authorizes the court to suspend or defer that sentence). Therefore, the trial court was required to sentence Ms. Mackey to at least three years in prison on the delivery charge. Ms. Mack-ey commendably concedes the error but requests the opportunity to withdraw her plea before being resentenced.
Accordingly, we reverse Ms. Mackey’s sentence for delivery of cocaine within 1000 feet of a school. On remand, the trial court shall give Ms. Mackey the opportunity to file a motion to withdraw her plea. If she chooses not to file such a motion or if she fails to succeed on such a motion, the trial court shall resentence Ms. Mackey for this offense to a prison term consistent with the mandatory minimum provision of section 893.13(l)(c)(l).
Reversed and remanded.
STRINGER and DAVIS, JJ., Concur.